**UNITED STATES**

v.

**Bruce B. KELLETT, 509 78 6127, Fireman Recruit (E–1), U.S. Navy.**

**NMCM 84 1031.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 Oct. 1983.

Decided 31 July 1984.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Brian M. Madden, JAGC, USNR, Appellate Defense Counsel.

LT William V. Cerbone, Jr., JAGC, USNR, Appellate Government Counsel.

Before GREGORY, MITCHELL and BARR, JJ.

GREGORY, Senior Judge:

Contrary to his pleas, appellant was convicted at a general court-martial constituted with officer members of conspiracy to distribute marijuana (2 specifications), conspiracy to commit murder, attempt to distribute methaqualone (2 specifications), distribution of marijuana (2 specifications), and use of marijuana, in violation of Articles 80, 81, and 134, 10 U.S.C.A. §§ 880, 881, 934, Uniform Code of Military Justice (UCMJ). Appellant was sentenced to be confined at hard labor for ten years, to forfeit all pay and allowances, and to be dishonorably discharged, The findings of guilty and the sentence were approved by the convening authority.

Before this Court appellant assigns the following errors:

I. THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE APPELLANT WHEN HE DENIED THE DEFENSE MOTION TO EXCLUDE PFC SIPE'S PURPORTED ORAL STATEMENTS TO CPL FARMER ON 11 MARCH 1983.

II. SPECIFICATION 1 OF CHARGE II (CONSPIRACY TO DISTRIBUTE MARIJUANA) AND SPECIFICA-

TION 3 OF CHARGE IV (DISTRIBUTION OF THE SAME MARIJUANA) ARE MULTIPLICIOUS FOR FINDINGS PURPOSES. SO ARE SPECIFICATION 2 OF CHARGE II AND SPECIFICATION 4 OF CHARGE IV.

Although we find neither assigned error to be meritorious, we find each to be worthy of brief discussion.

## I

At trial, the Government sought to introduce, through the testimony of Corporal Farmer, a Naval Investigative Service (NIS) informant, certain oral statements made by PFC Sipe, appellant's alleged co-conspirator in a plan to murder a PFC Franklin, another NIS informant.

PFC Sipe was not called to testify because of severe injuries he sustained in a motor vehicle accident some three weeks prior to appellant's trial. PFC Sipe's spinal column had been severed in four places, and he was paralyzed from the chest down. Due to his condition, he was transferred to the Spinal Care Ward·at the Veterans Administration Hospital, Richmond, Virginia. In a stipulation of expected testimony, PFC Sipe's physician indicated that PFC Sipe was scheduled to undergo surgery later that month and that 2½–2 weeks after surgery was the earliest that he could be safely transported to testify in appellant's trial in California.

On review, as at trial, the Government asserts three alternative theories for the admissibility of PFC Sipe's statements: that they were not hearsay because they were not offered for their truth; that they were statements of a co-conspirator admissible under Military Rule of Evidence (Mil.R.Evid.) 801(d)(2)(E); or that they were statements against PFC Sipe's interest admissible under Rule 804(b)(3), Mil.R.Evid.

Based upon the statements of trial counsel as to this matter (R. 101–2, 169–173), we find the contention that the statements were not being offered for their truth to be untenable. Therefore, if the statements were admissible at all, such admissibility must rest upon either of the other proffered theories.

■ Rule 801(d)(2)(E), Mil.R.Evid., governing the admission of statements of co-conspirators, has from its inception as part of the Federal Rules of Evidence (Fed.R. Evid.) been a source of confusion and inconsistency as to how and when the judge shall rule on such matters and what foundation must be laid by the proponent of such testimony. Fortunately, we need not address all of these issues in the disposition of the matter before us. In the instant case, the trial judge considered the matter as a motion *in limine* prior to trial on the merits. Where feasible, this is probably the most prudent course. Although the trial judge was made aware of the content of the statements during Corporal Farmer's testimony, he indicated on the record that he would not consider the content of the statements in determining their admissibility.

With regard to this latter procedural issue, the Federal courts are divided as to whether the content of the statements may be considered in determining one of the threshold questions—whether a conspiracy existed. The Court of Military Appeals in *United States v. Ward*, 16 M.J. 341, 352 (C.M.A.1983), by citing *United States v. Alvarez*, 584 F.2d 694, 696–99 (5th Cir. 1978), appears to endorse the view of the majority of the Federal courts that the finding of existence of a conspiracy must be based upon independent evidence. We, however, need not be concerned with the merits of either approach because the judge in the instant case based his decision on independent evidence. *United States v. Tunsil*, 672 F.2d 879 (11th Cir.1982), *cert. denied*, 459 U.S. 850, 103 S.Ct. 110, 74 L.Ed.2d 98 (1982).

■ In order for a statement to be admitted as a statement of a conspirator in accordance with Rule 801(d)(2)(E), Mil.R. Evid., the proponent must show first that a conspiracy existed, and second that the statement was made in furtherance of the conspiracy.

■ In *United States v. Ward, supra,* the Court determined that the first prong of this test would be met by a showing of the likelihood of the existence of an illicit association between the declarant and the defendant. *United States v. Ward, supra* 16 M.J. at 352, citing *United States v. Zamarripa,* 544 F.2d 978 (8th Cir.1976), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977). We believe that this first prong was clearly established in the instant case. We specifically base this finding upon the fact of PFC Sipe's introduction of CPL Farmer to the appellant, as well as his subsequent arrangement of, and his presence and participation at, all meetings between CPL Farmer and the appellant. These facts were testified to by CPL Farmer and are corroborated by photographs and transcripts of their taped conversations.

■ The second prong of the test is likewise established. On 11 March 1983, PFC Sipe conversed with CPL Farmer while smoking a cigarette. He spoke aloud " $3000, $6000" and indicated that he had a chance to make a lot of money. Upon inquiry by CPL Farmer, PFC Sipe said that he had a contract. CPL Farmer's belief that the contract meant a "murder for hire" scheme was verified by PFC Sipe's response to his query as to the object of the contract. PFC Sipe then expressed his fear that he could not do it. CPL Farmer, whom PFC Sipe believed had connections with organized crime, then asked if he could be "turned on to the contract." PFC Sipe expressed his willingness to introduce him to the individual who put out the contract, the appellant.

■ Not all statements made by co-conspirators are in furtherance of the conspiracy. For example, mere co-conspirator confessions, admissions, mere narrative declarations or simple conversations may not be so in furtherance. *United States v. Castillo,* 615 F.2d 878 (9th Cir.1980); *United States v. Moore,* 522 F.2d 1068, 1077

(9th Cir.1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 775, 46 L.Ed.2d 637 (1976); *see also United States v. Means,* 695 F.2d 811 (5th Cir.1983).

We believe that the expressed willingness of PFC Sipe to introduce CPL Farmer to appellant effectively takes his statements out of the realm of mere conversation or casual admission into that of an invitation to action; that is, ultimately to engage CPL Farmer to murder PFC Franklin, thus effecting the objective of his conspiracy with appellant.

Therefore, we find that the testimony of CPL Farmer, as regards the 11 March 1983 statements of PFC Sipe, was properly admitted under Rule 801(d)(2)(E), Mil.R.Evid.[1]

We likewise believe that appellant was not deprived of his right to confrontation. *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597, 609 (1980).

## II

■ As regards appellant's second assignment, we find the recent decision of the Court of Military Appeals in *United States v. Crocker,* 18 M.J. 33, 36 (C.M.A.1984), to be dispositive. We are mindful, however, of the Court's admonition in that case that not every routine transfer of a drug should lead to preferring a charge of conspiracy to transfer that drug. Under the facts of the present case in which appellant and the named co-conspirator acted pursuant to an agreement by which appellant located and introduced prospective clients to known drug dealers, charges of conspiracy in addition to transfer did not constitute an impermissible abuse of the prosecutor's discretion. *United States v. Crocker, supra,* at 40.

In addition to the above assigned errors we have considered matters set forth in the appellate rights statement and in trial defense counsel's *Goode* response. We have considered the approved sentence in this case and find it manifestly appropriate for

---

**1.** Although we do not rely upon Rule 804(b)(3) in rendering our decision in this case, we believe that had PFC Sipe's statements failed to qualify under 801(d)(2)(E) they would nonetheless be admissible as statements against PFC Sipe's interests.

the offenses of which appellant was convicted.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Judge MITCHELL and Judge BARR concur.