### UNITED STATES

v.

**Technical Sergeant Larry L. LUDLUM, FR 502–44–4081, United States Air Force.**

**ACM 24806.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Feb. 1985.

Decided 21 Aug. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted of possessing and distributing marijuana, and his appeal focuses on the sufficiency of the evidence to support a conviction for the knowing possession of marijuana and the admissibility of "a statement by a co-conspirator [made] during the course and in furtherance of the conspiracy." *See* Mil.R.Evid. 801(d)(2)(E). To resolve these assigned errors an extended discussion of the facts is necessary.

Catherine Crowell and Sergeant Margaret Lebo know the appellant and in the company of a third person, Ruth Reynolds, met him at a coffee shop during the evening of 5 October 1984. After the appellant left the coffee shop, the three women returned to a bar which they later left to go home in Lebo's car. While in the car, Reynolds, who was driving, smoked a "joint." * Crowell, who is familiar with the odor and appearance of marijuana, saw a plastic bag of marijuana on the dashboard. Crowell testified that Lebo pointed to the marijuana and said, "This is [the appellant's]. Can we keep it at your house? He can't take it in the car with him." Crowell with whom Lebo lives, agreed to this and hid the contraband in a jewelry box from where she discovered it missing on 9 October.

On 16 October, Crowell, a former Air Force security policeman, told the Office of Special Investigations (OSI) of Lebo's statement that the appellant had given her some marijuana to store. Two days later, Agent Steven O. Kinney, OSI, interviewed the appellant concerning the allegations he

---

* "Joint" is a slang term for a marijuana cigarette. The Random House College Dictionary 1980 Ed.

722.

had distributed marijuana to Lebo. After advisement of rights, Kinney suggested to the appellant that the amount of marijuana involved was "enough ... for 20 or 25 joints." Whereupon the appellant replied, "No it wasn't. It wasn't that much.", and indicated it would only be enough for "3 or 4 joints."

Later the appellant consented to a search of his car which disclosed a jacket in the trunk with marijuana gleanings in the right front pocket.

The appellant testified that late in the evening of 6 October a girl in her mid-twenties, 5′6″ with dark hair gave him a package to give to Ruth Reynolds. As it was dark, he did not know what was in the package which he gave to either Lebo or Reynolds. He explained that his statement to Kinney was not an admission that the substance in the bag was marijuana, but an estimate as to the quantity of the substance. He categorically denied possessing or distributing marijuana on the dates in question. He acknowledged that the jacket found in the car trunk was his, but stated he had not used it since February or March and had loaned the jacket to his roommate, Charles Mowery, in May who testified he had in fact borrowed the jacket. Finally, the defense offered extensive testimony as to the appellant's good reputation for truthfulness.

■ Regarding the possession of marijuana allegation of 18 October 1984, we are not convinced beyond a reasonable doubt that the appellant's possession was knowing and conscious. M.C.M.1984, para. 37c (2). The amount discovered was apparently so minute that it could not be measured. Under these facts we are unwilling to impute to the appellant that knowledge that the jacket in the car trunk contained marijuana gleanings. Accordingly, the findings of guilty as to Specification 2 of the Charge are set aside and ordered dismissed.

■ Mil.R.Evid. 801(d)(2)(E) provides that statements by one conspirator made during the course of and in furtherance of the conspiracy may be admitted against other conspirators. At trial the prosecution contended that Lebo and the appellant conspired to possess marijuana. Therefore, they argued that Lebo's statement to Crowell implicating the appellant with the distribution of marijuana was admissible to corroborate the latter's confession to Agent Kinney that he distributed marijuana to Lebo. In his trial brief supporting the admission of this statement, the prosecutor gave the following reasons for its admission:

First, the statement is not being offered for its truth. The fact that the accused distributed marijuana to Sgt Lebo is established through the accused's confession. The important thing is that the statement was made. If Sgt Lebo had not made that statement, the OSI would not have identified the accused. The fact that the statement was made also serves to corroborate the confession.

Second, Sgt Lebo's statement was made in furtherance of a conspiracy to possess marijuana. Proof of the conspiracy is established by the accused's confession, the fact that the marijuana was seen by Catherine Crowell, marijuana was found in the accused's jacket, and the disappearance of the marijuana from Catherine Crowell's jewelry box.

The trial judge admitted Lebo's statement to Crowell subject to the Government establishing: (1) the existence of a conspiracy between Lebo and the accused to possess marijuana; (2) that the accused knowingly participated in the conspiracy; and (3) the statement was made in furtherance of the conspiracy.

A crucial point is establishing the existence of a conspiracy. The analysis of Mil. R.Evid. 801(d)(2)(E) suggests that *independent evidence* of a conspiracy must be shown before a conspirator's statement can be admitted. *See* Saltzburg, Schinasi and Schlueter, *Military Rules of Evidence Manual*, 341 et seq. This rule of evidence embraces what was formerly known as the hearsay exception for declaration of a co-conspirator. M.C.M.1969 (Rev), para. 140b. In *United States v. Duffy*, 49 C.M.R. 208

(A.F.C.M.R.1974), we discussed the Manual provision and concluded that the existence of a conspiratorial agreement could not be established by the language of the statement sought to be admitted. To allow this would be "bootstrapping", and would permit the questioned evidence itself to furnish the predicate for its own admissibility. *United States v. Bossiere,* 13 U.S.C.M.A. 337, 32 C.M.R. 337 (1962). This is the position taken by legal scholars and some courts. *See* Mil.R.Evid. 801, Editorial Comment, *Military Rules of Evidence Manual, supra; United States v. James,* 590 F.2d 575 (5th Cir.1979); *see generally United States v. Ward,* 16 M.J. 341, 352 (C.M.A. 1983); *see also United States v. Kellett,* 18 M.J. 782 (N.M.C.M.R.1984).

The prosecutor's arguments justifying the admission of Lebo's statement to Crowell appears to be a classic situation of "bootstrapping." Initially, we are puzzled by his assertion that Lebo's statement was not "offered for its truth." If not for this reason, what was the basis for admission? We have doubts that false testimony can corroborate a confession. The Government uses circular logic in its argument supporting the admission of Lebo's statement and the appellant's confession—Lebo's statement corroborates the appellant's confession and the confession establishes a conspiracy which is the basis for admitting Lebo's statement. This is akin to concluding that the discovery of contraband provides the probable cause for the search that revealed it. Further, the traces of marijuana in the appellant's jacket do not support a conclusion that he and Lebo conspired to possess marijuana.

For the reasons stated, we find that the existence of any conspiracy to which the appellant was a part was not established by the evidence, and the trial judge erred in admitting into evidence Lebo's statement. *Accord United States v. Ward, supra.* The findings of guilty as to Specification 1 of the Charge and the sentence are set aside. A rehearing may be ordered.

FORAY, Senior Judge, and MURDOCK, Judge, concur.