## UNITED STATES

### v.

**Airman Basic Louis WATFORD, Jr., FR 285–64–8111, United States Air Force.**

### ACM 23511.

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 April 1982.

Decided 17 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Kenneth R. Rengert, and Major Michael J. Hoover.

Before KASTL, HEMINGWAY and SNYDER, Appellate Military Judges.

## DECISION

HEMINGWAY, Judge:

Contrary to his pleas, the accused was convicted of the larceny of a video cassette recorder belonging to the United States Government, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.

At trial, the accused unsuccessfully moved to suppress the fruits of the search of his room. He now contends that it was error for the military judge to apply the "citizen witness" test to determine whether probable cause existed for the search. We find no error.

---

Rule 315, Military Rules of Evidence, provides that a search may be authorized when a person granting the authority has "a reasonable belief that the information giving rise to the intent to search is believable and has a factual basis." The twin test of "believability" and "basis in fact" is taken from the holding of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The accused asserts that the commander who authorized the search of his room was not given sufficient information to determine whether the source of the information leading to the request for authority to search was "believable."

The affidavit which was furnished to the commander authorizing the search in this case provided:

I, JAMES M. SMITH, Special Agent Air Force Office of Special Investigations (AFOSI), District 43, Kadena AB (KAB), Japan (JA), having been duly sworn, on oath depose state that on 16 December 81, MICAH ANTHONY ANDERSON, SRA, 18th Transportation Squadron, KAB, JA, advised that on 12 Dec 81, while in the barracks room of LOUIS (NMN) WATFORD, JR, AMN, 18th Transportation Squadron, KAB, JA, he overheard the conversation between WATFORD and ARNOLD A SHIPMAN, SGT, 18th Transportation Squadron, KAB, JA, which essentially involved a Sony, Betamax video cassette player that had been shipped from Korea destined for a base in CA. WATFORD had told ANDERSON that the machine was taken out of the system here at KAB, JA. The box was spray painted black spray paint. Additionally, ANDERSON stated that the customs stamp depicting the signature of JULIE LAWSAN on the box was a forgery.

On 17 Dec 81, ANDERSON advised that at 0710 hours he had observed the box in WATFORD'S room (barracks 602, room D–26, KAB. JA).

In view of the foregoing, the affiant requests that an authorization be issued for the search of WATFORD'S room (supra) and the seizure of above mentioned property.

■ Obviously, this affidavit does not give a dissertation on the reliability of the airman who provided information to the Air Force Office of Special Investigations. We do not believe it necessary since Anderson was a witness and not an informant.

In informant cases, it is important to distinguish between a source of information who is part of the underworld, drug network or criminal community and a source of information who is a victim of criminal conduct or chance witness to commission of a crime. *Jaben v. United States,* 381 U.S. 214, 224, 85 S.Ct. 1365, 1370, 14 L.Ed.2d 345 (1965); *United States v. Bunkley,* 12 M.J. 240, 249 (C.M.A.1982); *United States v. Alston,* 20 U.S.C.M.A. 581, 44 C.M.R. 11 (1971); *United States v. Rollins,* 522 F.2d 160 (2nd Cir. 1975); *United States v. Burke,* 517 F.2d 377 (2nd Cir. 1975); *United States v. Darensbourg,* 520 F.2d 985 (5th Cir. 1975); *United States v. McCain,* 49 C.M.R. 515 (A.F.C.M.R. 1974); *See generally,* 1 LaFave, *Search and Seizure,* § 3.4 (1978).

■ As the court aptly stated in *United States v. Bell,* 457 F.2d 1231 (5th Cir. 1972):

The rationale behind requiring a showing of credibility and reliability is to prevent searches based upon an unknown informant's tip that may not reflect anything more than idle rumor or irresponsible conjecture. Thus, without the establishment of the probability of reliability, a 'neutral and detached magistrate' could not adequately assess the probative value of the tip in exercising his judgment as to the existence of probable cause. Many informants are intimately involved with the persons informed upon and with the illegal conduct at hand, and this circumstance could also affect their credibility. None of these considerations is present in the eyewitness situation such as was present here. Such observers are seldom involved with the miscreants or the crime. Eyewitnesses by definition are

not passing along idle rumor, for they either have been the victims of the crime or have otherwise seen some portion of it. at 1238, 1239.

Here, as in *United States v. Burke, supra,** the affidavit was sufficient; it was apparent that Anderson was a witness to, and not a participant in a criminal scheme; Anderson had been in the accused's barracks room recently and observed property which he had overheard the accused indicate was stolen. Although the affidavit could have been more articulate and provided more information, we will not judge affidavits in support of search authorizations by blind application of common law rules of pleading. There was sufficient information set out from which the commander could conclude it was "believable" and had a "factual basis."

We have examined the other assignment of error and resolved it adversely to the accused. *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1 (1975).

Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge KASTL and Judge SNYDER concur.

---

* The allegations of probable cause in *Burke* were:

4. That, on 8–21–73, at 0755 hrs., Lonnie C. Thompson, of 104 Kensington ST., Htfd., Conn., was interviewed and submitted a written statement and will testify to the fact that on 8–20–73, at 1645 hrs., he was in Apt. # 3, on 279 Westland St., Htfd., Conn., resided in by Martin Burke, and had seen a sawed-off shotgun in the apartment's bedroom.

5. That, Thompson further states, that he has been told by Burke that the shotgun was stolen in a burglary.

6. That, as a result of the receipt of the information a check was conducted to search the National Firearms Register and Transfer Record, in Washington D.C. Special Agent Hampp was informed that no record could be found of any firearm registered to Martin Burke, of 279 Westland St., Htfd., Conn., this being a violation of Title 26, USC Sec. 58–61d[586(d)]. 517 F.2d at 379.