**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Geoffrey B. SMITH, Jr.,
Defendant-Appellant.**

No. 86–1576.

United States Court of Appeals,
Tenth Circuit.

Feb. 10, 1987.

Jeffrey A. Springer (Thomas A. Ballantine III with him on the briefs), Denver, Colo., for defendant-appellant.

Robin D. Fowler, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty. and Jackie

N. Williams, Asst. U.S. Atty., on the brief), Wichita, Kan., for plaintiff-appellee.

Before BARRETT, LOGAN, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant, Geoffrey B. Smith, Jr., was indicted on charges of conspiracy to possess and distribute cocaine, possession with intent to distribute and distribution of cocaine, and the use of a communication facility to commit a felony. A motion to suppress evidence was denied, and defendant entered a conditional plea of guilty pursuant to Fed.R.Crim.P. 11(a)(2) to the conspiracy count (a violation of 21 U.S.C. §§ 841(a)(1) and 846) and the possession and distribution count (a violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. § 2). He appeals the district court's denial of the motion to suppress evidence. We affirm that decision for the reasons set forth below.

### I.

In September 1983 defendant used the "express mail" service of the United States Postal Service to send a package from Fort Lauderdale, Florida, to Wichita, Kansas. The package was addressed to Gerald Gibson (a co-defendant) and contained approximately two ounces of cocaine. A special delivery messenger for the Postal Service was given the package to deliver to Gibson. The messenger suspected that the package contained drugs, opened it, found the cocaine, used some of it, and took the package home. The messenger became worried that he would be discovered, contacted his attorney and, ultimately, met with agents of the Federal Bureau of Investigation (FBI). The FBI agents substituted imitation cocaine and placed it in the package in which the cocaine had been sent. The messenger then delivered the package to Gibson at the address indicated on the package. Agents executed a federal search warrant at Gibson's residence and seized the package with its contents. Thereafter, defendant was indicted.

### II.

The issues present in this case may be summarized as follows:

A. Whether the warrantless search and seizure of a package containing contraband by a Postal Service employee falls within the protections of the fourth amendment.

B. Whether a subsequent examination of the package by the FBI violated defendant's fourth amendment rights.

### III.

A. *Postal Employee's Search and Seizure*

The fourth amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." The Supreme Court has interpreted this clause to apply only to governmental action and not to private individuals who are not acting as agents of the government or with the participation and knowledge of a governmental official. *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). Thus, a search or seizure, even if unreasonable, is not proscribed by the fourth amendment if it is performed by a private person who is not acting as a government agent or in concert with an official of the government. *United States v. Walsh*, 791 F.2d 811, 814 (10th Cir.1986).

In this case, a package in the United States mails was searched and seized by an employee of the federal government. First class mail "is free from inspection by postal authorities except in the manner provided by the fourth amendment." *United States v. Van Leeuwen*, 397 U.S. 249, 251, 90 S.Ct. 1029, 1031, 25 L.Ed.2d 282 (1970). The question we must answer is whether the special delivery messenger was acting as a postal authority on behalf of the government when he searched and seized the package containing cocaine.

An employee is not acting as his employer's agent when he acts outside the scope

of the employment. W. Keeton, D. Dobbs, R. Keeton and D. Owen, Prosser and Keeton on Torts 503–05 (5th ed. 1984). "Scope of employment" has been defined as "those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment." *Id.* at 502; Restatement (Second) Agency §§ 228–29 (1958). In the torts context, the concept of scope of liability is an important limitation on imputing the acts of an employee to an employer. 5 F. Harper, F. James, Jr., and O. Gray, the Law of Torts § 26.6 at 24 (2d ed. 1986). Unauthorized acts may come within the scope of the employment if they were intended to accomplish an objective of the employment. *Id.* at 502–03; Restatement (Second) Agency §§ 231, 235 (1958).

In this case, the messenger was not acting as a governmental employee when he seized and opened the package containing the cocaine. The record reflects that the duties of the special delivery messenger were to deliver "express" and "special delivery" mail. Record supp. vol. I at 12. He was given the package to deliver as express mail to a certain address. Rather than fulfill that duty, he took the package because he believed it might contain drugs due to the Florida return address. He was seeking drugs, not for some governmental purpose, but for his personal use. After he opened the package and found the cocaine, he used some of it and took it home for his personal use. This "search and seizure," therefore, was not part of the messenger's duties as a Postal employee, was not done to further any governmental objective, but was done solely for the messenger's personal use. Because the messenger was not acting as a governmental agent or to further a governmental objective, but rather, as a private individual, there was no governmental search or seizure within the intendment of the fourth amendment. *Burdeau v. McDowell,* 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921).

### B. *FBI Examination*

■ Defendant challenges the FBI's examination of the package of cocaine. After the messenger took the package, he opened it and removed a "heat-sealed" package containing the cocaine. He completely opened the heat-sealed package and used some of the cocaine. Record supp. vol. I at 14. After he took it home, he discarded the outer package and wrapped the cocaine in duct tape. Thereafter, he contacted his attorney, who, in turn, contacted a sheriff. The outer package was recovered, and the cocaine in the duct tape was delivered to an officer of the Sedgwick County Sheriff's Office. The sheriff then gave the package materials and the cocaine wrapped in duct tape to the FBI. The cocaine had not been reinserted into the package materials. *Id.* at 20. An agent of the FBI then opened the duct tape surrounding the cocaine.

In *United States v. Jacobsen,* 466 U.S. at 115, 104 S.Ct. at 1657, the Supreme Court instructed that when there has been a search by a private party, any additional invasion of privacy by the government "must be tested by the degree to which they exceeded the scope of the private search." In this case, the FBI agent did not exceed the scope of the private search. The defendant concedes as much. Appellant's Opening Brief at 10. Any privacy interest in the contents of the package had been eliminated because the package had been completely opened by the messenger. *Id.* at 121–22, 104 S.Ct. at 1660–61; *United States v. Walsh,* 791 F.2d at 815–17. Because the messenger had voluntarily notified authorities and delivered the cocaine to them, the FBI's action in examining the cocaine did not constitute a separate search which would require a warrant.

AFFIRMED.