**UNITED STATES, Appellee,**

v.

**Michael W. WOOD, Fire Control Technician (Missiles) Third Class U.S. Navy, Appellant.**

No. 55,469.

NMCM 85 4078.

U.S. Court of Military Appeals.

Sept. 23, 1987.

For Appellant: *Lieutenant Ernesto G. Amparo, JAGC, USNR* (argued); *Lieutenant Commander James J. Quigley, JAGC, USN* (on brief); *Lieutenant Gary K. Van Meter, JAGC, USNR.*

For Appellee: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN* (argued); *Commander Michael P. Green, JAGC, USN* and *Lieutenant Aaron Santa Anna, JAGC, USNR* (on brief); *Captain Carl H. Horst, JAGC, USN.*

## OPINION OF THE COURT

SULLIVAN, Judge:

At the Naval Legal Service Office, Long Beach, California, the military judge found appellant guilty of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. On May 29, 1985, the judge sentenced him to a bad-conduct discharge, confinement for 1 month, forfeiture of $280.00 pay for 1 month, and reduction to the lowest enlisted grade. The convening authority approved, and the Court of Military Review affirmed, the findings and sentence.

This Court granted review of the following issues:

I

WHETHER THE JUDGE ERRED AS A MATTER OF LAW WHEN HE FOUND APPELLANT'S APPREHENSION WAS ILLEGAL BECAUSE IT WAS NOT BASED ON PROBABLE CAUSE.

II

WHETHER THE JUDGE ERRED WHEN HE RULED THAT APPEL-

LANT'S URINE WAS SEIZED IN A REASONABLE GOOD FAITH RELIANCE ON A SEARCH WARRANT SINCE THE SEARCH AUTHORIZATION WAS SECURED BY A MASTER–AT–ARMS WITH EVIDENCE ILLEGALLY OBTAINED FROM APPELLANT AFTER APPELLANT HAD BEEN ILLEGALLY APPREHENDED.

We hold that probable cause did exist for appellant's arrest, so he was lawfully required to submit to a urinalysis. *See* Mil. R.Evid. 312(d), Manual for Courts-Martial, United States, 1984. Accordingly, we affirm the decision of the court below.

On April 3, 1985, Seaman H observed appellant and Petty Officer Murphy in a forward director * of the USS NEW JERSEY (BB–62) in possession of a quantity of marijuana. Seaman H conveyed this information to Master Chief Master-at-Arms Craw. Seaman H had previously reported incidents of appellant's use of controlled substances, but such reports had not been verified. This report, and H's previous reports, were consistent with other reports which Master Chief Craw had received regarding appellant. Within 15 minutes of receiving H's report, Master Chief Craw proceeded to the forward director, accompanied by Lieutenant Commander Sitton, Master Chief Forker, and Master-at-Arms First Class Taylor. Once at the director, Master Chief Craw noticed that the forward director hatch was closed. Upon opening the hatch, they found appellant and Petty Officer Murphy inside and ordered them to exit the director. Appellant and Murphy were then apprehended, given their rights under Article 31, UCMJ, 10 U.S.C. § 831, and searched. Appellant was discovered with a plastic baggie containing marijuana; three marijuana cigarettes; and a package of rolling papers in his possession. The director area was also searched, and two Pepsi cans were recovered which were subsequently shown to

have marijuana residue inside of them. Based upon this, a search warrant was issued to seize a sample of appellant's urine. This urine sample tested positive for the presence of tetrahydrocannabinol (THC). At trial, the military judge initially ruled that probable cause did not exist for the arrest and suppressed the evidence seized from appellant's person. Later, he admitted evidence of the urinalysis results on the basis that the seizure of appellant's urine was permissible under the "good faith" exception created by *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

I

■ The military judge's ruling that probable cause did not exist to arrest appellant is a legal conclusion, not a factual determination. *United States v. Johnson,* 23 M.J. 209 (C.M.A.1987). We conclude, as a matter of law, that probable cause to arrest appellant *did* exist under the "totality of the circumstances" presented in this case. *United States v. Jones,* 24 M.J. 294, 296 (C.M.A.1987).

The United States Supreme Court enunciated the proper test for determining whether probable cause exists in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We first applied this test in *United States v. Tipton,* 16 M.J. 283 (C.M.A.1983). The *Gates* decision eliminated the rigid and formalistic "two pronged test" of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In its place, the totality of circumstances must be assessed to determine whether probable cause existed to place appellant under arrest.

Turning to the record in the present case, we note these circumstances:

---

* Appellate government counsel has defined "forward director" as:

> An armored turret placed in the superstructure of the ship which serves for optical radar aiming of the ship's main battery.

Appellate defense counsel did not object to this definition.

*First,* Seaman H did not fit into the normal profile for "informants." There was no evidence, other than appellant's unsupported accusations, that H was directly involved in the use of drugs or that he was identifying others in order to secure some beneficial result. Accordingly, Seaman H could be more favorably compared to a concerned citizen reporting an illegal act to a policeman. *Jaben v. United States,* 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); *cf. Easton v. City of Boulder, Colo.,* 776 F.2d 1441 (10th Cir.1985), *cert. denied,* — U.S. ——, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986).

*Second,* being a member of this nation's armed services, Seaman H is accountable to his superiors in ways that a civilian is not. *See United States v. Land,* 10 M.J. 103 (C.M.A.1980); *see also United States v. Tipton, supra* at 287. Therefore, the probability of Seaman H's truthfulness is greater than one would find with a comparable civilian witness.

*Third,* Seaman H had provided information on previous occasions. Admittedly, this information had never been verified, but such information had been consistent with reports from others concerning appellant's drug use. Such consistency helps to establish the required indicia of reliability for believing such an informant's reports.

*Fourth,* Seaman H was voluntarily providing this information. No evidence was introduced showing that Seaman H was acting for any purpose other than to eliminate drug use on board his vessel in accordance with the Navy's stated "zero tolerance" for drugs. In fact, Seaman H had no known record of disciplinary problems aboard the ship, and the statement he gave contained no internal inconsistencies.

*Fifth,* Seaman H was not relaying hearsay information about appellant's possession of marijuana when he made his report. He asserted that he had personally observed the contraband which was subsequently seized from appellant. Thus, Master Chief Craw was told by an eyewitness that appellant possessed the illegal contraband. *See United States v. Hammond,* 666 F.2d 435 (9th Cir.1982).

*Sixth,* Master Chief Craw was able to corroborate Seaman H's report when he went to the site of the alleged crime. The forward director's hatches were closed, something not normally done when occupied. Moreover, the individuals found inside the forward director corresponded with the identities furnished by Seaman H. Thus, Seaman H's report was partially corroborated by the personal observations of Master Chief Craw. *See United States v. Blalock,* 578 F.2d 245 (9th Cir.1978).

*Seventh,* and finally, nothing said by Seaman H was necessarily contradicted by Master Chief Craw's observations. Seaman H testified that he said that appellant and his friend had marijuana in their possession, not that they were using or smoking it. Moreover, although the military judge found that the use of narcotics or marijuana had been reported, Master Chief Craw admitted that it was only his expectation that he would later catch someone smoking marijuana. His beliefs, of course, are not binding in assessing for the existence of probable cause (*see Florida v. Royer,* 460 U.S. 491, 507, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229 (1983) (plurality opinion)), and technical distinctions shrouded in semantics should not be controlling (*see Illinois v. Gates, supra,* 462 U.S. at 235–36, 103 S.Ct. at 2330–31).

The military judge's assessment of this informant's reliability was legally flawed, and his determination that the latter's information was uncorroborated was not justified by the record. A substantial basis existed for the arrest and search of appellant's person. *See Illinois v. Gates, supra* at 239–40, 103 S.Ct. at 2332–33. Probable cause existed in this case; the arrest was valid; and the subsequent search of appellant's person was valid as a search incident to that arrest. *See Draper v. United States,* 358 U.S. 307, 97 S.Ct. 329, 3 L.Ed.2d 327 (1959). Finally, the seizure of appellant's body fluids based on probable cause was also properly authorized. *See*

*Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

## II

■ In light of the above, the second granted issue need not be answered. However, we note that the area of the forward director was immediately searched after the arrest of appellant and the search of his person. Two Pepsi cans were found therein, each containing marijuana residue. There is no doubt in our minds that this area would have been searched and the cans seized even if appellant had not been first arrested and searched. The fruits of this search coupled with the factors noted above clearly would have justified appellant's arrest, the search of his person, and the order to undergo urinalysis. Accordingly, assuming the initial arrest of appellant and search of his person were unlawfully premature, we would nevertheless hold that all the challenged evidence was still admissible. *See United States v. Kozak,* 12 M.J. 389, 393–94 (C.M.A.1982); *see generally United States v. Crews,* 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.