UNITED STATES

v.

**Airman First Class Rhonda E. OZA-NICH, FR 308–64–1589 UNITED STATES AIR FORCE.**

**ACM S27836.**

U.S. Air Force Court of Military Review.

Sentence Adjudged Jan. 30, 1988.

Decided 28 Oct. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Lieutenant Colonel Richard F. O'Hair and Captain Laurence M. Soybel.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Kathryn I. Taylor and Lieutenant Colonel Robert J. Webster, USAFR.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

The appellant was convicted of using and possessing marijuana and possessing drug abuse paraphernalia. At trial she moved to suppress the test results of her urine samples which disclosed the presence of THC, a metabolite of marijuana, in addition to various items seized at her off-base residence and her car which was located on base.

In reviewing the trial judge's ruling denying the motion to suppress, some discussion of the facts is necessary. The record disclosed that on 21 July 1987, a dependent wife of a servicemember stationed at Reese Air Force Base, Texas, and who lived next door to the appellant in an off-base trailer park, contacted the Office of Special Investigations (OSI) at Reese Air Force Base and told them that the appel-

lant used marijuana. This individual, who did not use marijuana herself, was familiar with the substance by having had it used in her presence. *See United States v. Evans,* 16 M.J. 951 (A.F.C.M.R.1983). She further related that the appellant acknowledged she was smoking marijuana and referred to the cigarette as a "joint" which is a contemporary colloquialism for a marijuana cigarette. *United States v. Ludlum,* 20 M.J. 954 (A.F.C.M.R.1985). After this initial contact by telephone, the witness was asked to come to the OSI office for an interview. She came in the next day and after being interviewed executed a three page sworn statement of what she had observed at the appellant's trailer. She also gave the OSI a hand-drawn map identifying where the marijuana and drug paraphernalia were located.

Special Agent Edward Lawton of the Reese OSI office relayed this information to the United States Attorney's office in Lubbock, Texas. Later, agents of the Drug Enforcement Agency (DEA) reviewed the witness' statement and based on it, obtained a search warrant from the United States Magistrate in Lubbock to search the appellant's residence. On 24 July, DEA agents, with Agent Lawton present, searched the appellant's trailer. They uncovered several bags of a leafy vegetable substance later identified as marijuana in addition to cigarette rolling papers and a roach clip.[1]

On the morning of 24 July, Lawton briefed the base commander on the information he had received concerning the appellant's drug use. After reading the witness' written statement and questioning Lawton concerning it, the commander authorized a search of the appellant's urine. This was accomplished later that day. Also, on 24 July, the commander verbally authorized a search of the appellant's car which was on base. The commander was informed that marijuana had been found in the appellant's residence, and her daughter

had stated that "the government officials had not found all the marijuana as some was in [the appellant's] car." A search of her car uncovered a quantity of marijuana.

On 5 August, the same individual who had earlier called the OSI on 21 July, called again and stated that the appellant had smoked marijuana in her trailer on 31 July. This information was again given the commander who authorized a second search of the appellant's urine. Both urine samples, 24 July and 10 August 1987, contained the metabolite of marijuana.

Using "the totality-of-the-circumstances" analysis authorized by *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and *Massachusetts v. Upton,* 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), and adopted by the military courts in *United States v. Johnson,* 23 M.J. 209 (C.M.A.1987), we are satisfied that the evidence made available to the United States Magistrate and the base commander who authorized a search of the appellant's residence, car and person was sufficient to constitute probable cause to believe that she possessed marijuana and drug abuse paraphernalia. The individual providing the information was not an "informant," i.e., a member of the criminal community, but a "citizen-witness" reporting an illegal act to the police. Such information is generally reliable. *United States v. Wood,* 25 M.J. 46 (C.M.A.1987); *United States v. Watford,* 14 M.J. 719 (A.F.C.M.R.1982). Finally, a determination of probable cause by a magistrate is entitled to a presumption of validity. *United States v. Kolodzief,* 712 F.2d 975 (5th Cir.1983). The trial judge properly overruled the motion to suppress. *United States v. Jones,* 24 M.J. 294 (C.M.A.1987).

■ Well into the trial and approximately five months after the laboratory tests that confirmed the presence of THC metabolites in the appellant's urine,[2] civilian de-

---

**1.** A roach clip is a device for holding the butt of a marijuana cigarette. *See* The Random House College Dictionary 1140 (Rev.Ed.1980).

**2.** Positive samples are retained frozen for 60 days unless an extension is requested. Air

Force Regulation, 30–2, *Social Actions Program,* para. 5–3(d) (19 August 1988).

fense counsel requested the trial judge to release the specimen bottles so that he could have the samples privately retested. Civilian counsel acknowledged that the bottles appeared "dry," but suggested that "it was possible that [a chemist] could extract something" or, as he stated, the results could "be completely inconclusive." He indicated the retest would take only a few hours and would not delay the trial for a significant period. Trial counsel opposed the request pointing out there was no fluid to test, and an inconclusive test result under those circumstances would only confuse the court members. The trial judge found that the specimen bottles contained no urine and therefore any test would be of "dubious" reliability, and further the request was not timely made. Accordingly, he denied the appellant's request.

We begin our discussion of this issue with the observation that there was no intent on the government's part to withhold or destroy potentially exculpatory evidence. *United States v. Kern*, 22 M.J. 49 (C.M.A. 1986); *United States v. Garries*, 19 M.J. 845 (A.F.C.M.R.1985), *aff'd* 22 M.J. 288 (C.M.A.1986), *cert. den.* 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986). The defense, of course, is entitled to have an independent test of a urine sample, *United States v. Frost*, 19 M.J. 509 (A.F.C.M.R. 1984), *aff'd* 22 M.J. 386 (C.M.A.1986), and Air Force directives require that a positive sample be retained for at least 60 days to allow this. Here the appellant was initially offered nonjudicial punishment for her misconduct, but she exercised her right to demand trial. We judicially notice that Air Force members who are offered nonjudicial punishment are provided a lawyer to assist them. *See* Air Force Form 3070, *Record of Non-Judicial Punishment*, June 1985. It is apparent from the trial transcript and the allied papers that when the appellant demanded trial she had an attorney available and could have requested a retest of her urine specimens at a time when the samples were available.

■ We hold it is discretionary with the trial judge whether tests or experiments will be permitted outside of court for the purpose of using the results as evidence. *See Midwestern Wholesale Drug Inc. v. Gas Service Company*, 442 F.2d 663 (10th Cir.1971); *See also Alonzo v. State ex rel. Booth*, 283 Ala. 607, 219 So.2d 858 (1969). The judge's decision to exclude such a test will be overturned only where there is a clear abuse of discretion. *Ramseyer v. General Motors Corporation*, 417 F.2d 859 (8th Cir.1969). There was no abuse of discretion here. The remaining assigned error is without merit. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.