UNITED STATES

v.

**Senior Airman Howell H. HODGES, FR 261–78–5007, United States Air Force.**

**ACM 26975.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 May 1988.

Decided 4 Nov. 1988.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

■ The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures...." The Supreme Court has held that this clause applies only to governmental action and not to private individuals who are not acting as a government agent or with participation and knowledge of a government official. *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Accordingly, a search or seizure, even if unreasonable, is not prohibited by the Fourth Amendment if it is conducted by a private person who is not acting as a government agent or in concert with a government official. Mil.R.Evid. 311(a); *United States v. Portt*, 21 M.J. 333 (C.M.A. 1986).

James Anderson is employed as the District Loss Prevention Manager in the Jacksonville, Florida, office of United Parcel Service (UPS), a private freight carrier. UPS's internal procedures provide that packages are to be randomly inspected to insure they are properly packed as a safeguard against damage claims. On 12 January 1988, Anderson selected at random approximately 20 packages to inspect. One of these was addressed to the appellant. During his inspection, Anderson discovered a Band Aid can and a note which read:

"There's 66 ½s in here. Send $3300.00 ASAP. Keep 300.00 this time. Next one will be much better.

M."

Anderson then opened the Band Aid can and found 66 packets containing white powder. He contacted a detective with the Jacksonville Sheriff's Department who was also a part-time employee of UPS. This individual took the package and its contents to Detective John Zipperer, also a member of the Sheriff's Department, who conducted a field test on the powder which was positive for cocaine. Zipperer also determined that the name and address of the sender were both fictitious.

Detective Zipperer then contacted the Otero County, New Mexico, Sheriff's Department to see if the addressee lived in La Luz, New Mexico as indicated on the label. The investigation revealed that the appellant did indeed live at that address. Zipperer then forwarded the package to the Otero Sheriff's Department who released it to UPS for delivery to the appellant on 15 January 1988. Based on information he had received from the Jacksonville Sheriff's Department and his own investigation, Chief Investigator William Woltz of the Otero Sheriff's Department asked for and obtained a search warrant from a civilian magistrate to search the appellant's residence in La Luz. This search uncovered 66 bindles [1] of cocaine and smaller amounts of marijuana concealed in and about the house. This was in addition to various items of drug abuse paraphernalia. That same day, 15 January 1988, Special Agent Laurence Henderson, Office of Special Investigations (OSI), briefed the base commander on the contraband which had been discovered earlier at the appellant's house. The commander then verbally authorized a search of the appellant's person, i.e., urine and blood. *See* Mil.R.Evid. 315(b)(1). The urine tested positive for the presence of marijuana.

The appellant entered a conditional guilty plea to using and possessing marijuana and to possessing drug abuse paraphernalia. *See* R.C.M. 910(a)(2). Additionally, he was convicted, contrary to his pleas, of wrongfully possessing cocaine and using a facili-

---

1. A bindle is a folded piece of paper commonly used to package cocaine in amounts up to one gram. *United States v. Wajda,* 810 F.2d 754 (8th Cir.1987).

ty of interstate commerce to transfer a controlled substance, i.e., cocaine. The approved sentence included a dishonorable discharge, six years confinement, total forfeitures, and reduction to airman basic.

■ At trial the appellant moved to suppress the urine and blood samples taken from him and the items discovered at his residence, both searches occurring on 15 January 1988. The trial judge denied the motion. The thrust of the appellant's argument is that the opening of a package addressed to him [appellant] by a UPS employee who then notified state law enforcement authorities that it contained a suspected controlled substance violated his Fourth Amendment rights. Accordingly, any evidence seized after the initial unlawful intrusion was derivative in nature and should have been suppressed.

■ We disagree. The search of the appellant's parcel by an employee of a package express company was private in nature and therefore was not within the ambit of the Fourth Amendment. The circumstances of this case make it clear that the UPS employee was not acting as a government agent or in concert with them. The package was opened because of a company policy with an economic basis, i.e., to lessen the number of damage claims against the firm. It was only happenstance that a parcel addressed to the appellant was opened and the contraband discovered. Further, we hold that Detective Zipperer's field testing the "white powder" did not constitute a second search which would require a warrant. When Zipperer received the substance he did not know it was cocaine, and his field test was not a search but a routine examination of a substance he had lawfully obtained. The trial judge correctly denied the suppression. *United*

*States v. Koenig et al,* 856 F.2d 843 (7th Cir.1988); *United States v. Smith,* 810 F.2d 996 (10th Cir.1987); *United States v. Barry,* 673 F.2d 912 (6th Cir.1982); *United States v. McGreevy,* 652 F.2d 849 (9th Cir. 1981); *see generally United States v. Portt,* 17 M.J. 911 (A.F.C.M.R.1984), *aff'd* 21 M.J. 333 (C.M.A.1986).

■ Having concluded that the appellant's Fourth Amendment rights were not violated when an employee of a private express company opened a package addressed to him, we are satisfied that the evidence made available to the civilian magistrate and the military commander who authorized searches of the appellant's home and person was sufficient to constitute probable cause to believe that he possessed and used a controlled substance. *United States v. Ozanich,* 27 M.J. 585 (A.F.C.M.R.1988) and cases cited therein.

■ Finally, we are convinced that the fact-finder, here the trial judge, could reasonably conclude that the appellant violated the Travel Act, 18 U.S.C. 1952 [Specification of Charge III].[2] A violation of the Travel Act requires proof of three elements. The accused must (1) travel in interstate or foreign commerce or use an interstate or foreign facility, such as a private freight carrier; (2) intend thereby to promote an unlawful activity; and (3) subsequently promote or attempt to promote that unlawful activity. *United States v. Hayes,* 775 F.2d 1279 (4th Cir.1985). Further, the unlawful activity involving controlled substances must be part of a continuous enterprise, not an isolated crime. *United States v. Corbin,* 662 F.2d 1066 (4th Cir.1981).

---

2. The Travel Act, 18 U.S.C. 1952, provides:
   (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
   (1) distribute the proceeds of any unlawful activity; or
   (2) commit any crime of violence to further any unlawful activity; or
   (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, manage-

ment, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000.00 or imprisoned for not more than five years, or both.
18 U.S.C. 1952(b) defines "unlawful activity" to include "any business involving ... narcotics or controlled substance...." Cocaine is a "controlled substance" listed in 21 U.S.C. 812.

The government's evidence established that the appellant received a package containing 66 bindles of cocaine shipped via UPS, a private freight handler. He opened the outer package and the smaller inner box containing the cocaine. Thereafter, he secreted some of the cocaine bindles in his truck and in a locked tool box in the garage. The government also offered admissions by the appellant to his cellmate that he (appellant) had a "connection" in Jacksonville, Florida, who could supply cocaine. The appellant sought his cellmate's assistence in transporting cocaine "across country to a few different cities" once they were released from jail. We are satisfied that the appellant's cocaine possession was part of a continuous enterprise rather than an isolated instance of criminal conduct. *United States v. Monu*, 782 F.2d 1209 (4th Cir.1986). Additionally, we are convinced beyond a reasonable doubt that the appellant is guilty of this offense as well as the others of which he was convicted. Article 66(c), UCMJ, 10 U.S.C. § 866(c). The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.