**UNITED STATES, Appellee**

v.

**Donald J. DRESEN, Technical Sergeant U.S. Air Force, Appellant.**

No. 93–0949/AF.
CMR No. 29249.

U.S. Court of Military Appeals.

Argued June 2, 1994.

Decided Sept. 22, 1994.

For Appellant: *Captain Robert E. Watson* (argued); *Colonel Jay L. Cohen* (on brief); *Colonel Terry J. Woodhouse* and *Captain David D. Jividen.*

For Appellee: *Captain Jane L. Harless* (argued); *Lieutenant Colonel Thomas E. Schlegel* (on brief); *Colonel Jeffery T. Infelise.*

*Opinion of the Court*

WISS, Judge:

A general court-martial of officer and enlisted members convicted appellant, over his not-guilty pleas, of willfully disobeying an officer and using marijuana on divers occasions between March and November 1989, in violation of Articles 90 and 112a, Uniform Code of Military Justice, 10 USC §§ 890 and 912a, respectively. The members sentenced appellant to a bad-conduct discharge, confinement for 1 year, forfeiture of $500.00 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority disapproved the disobedience conviction and dismissed that charge because it had not been properly referred to trial. He approved, however, the marijuana finding and the adjudged sentence except for reducing the confinement to 10 months. ·

In the Court of Military Review, appellant raised a number of issues. Rejecting several appellate complaints, the court did agree that appellant had received inadequate represen-

tation post-trial when defense counsel, in "otherwise excellent advocacy for appellant," pleaded in her clemency brief to the convening authority that appellant should receive a sentence rehearing or, alternatively, approval of the punitive discharge but substantially reduced confinement. The court reasoned:

> Of all the possible court-martial punishments, the bad-conduct discharge was the one thing appellant did not desire. Although Captain N probably was entirely correct in viewing it as unlikely the convening authority would disapprove the bad-conduct discharge, it was error under the circumstances of this case to specifically request relief which included the bad-conduct discharge *without appellant's consent* ....

36 MJ 1103, 1113 (1993). Nonetheless, the court found no violation of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because appellant had not been prejudiced by this misstep by counsel—the second of two prongs which must be satisfied to carry the day on an issue of inadequate representation. 36 MJ at 1113.

The Court of Military Review agreed with another of appellant's claims, too. In view of the fact that the convening authority had disapproved the conviction of disobedience of an officer, the court had some "discomfort ... with whether the convening authority could meaningfully determine what sentence would have been adjudged in the absence of the disobedience offense." *Id.* at 1114. It decided, however, that a sentence rehearing would not be necessary to remedy any possible flaw in this respect. Itself reassessing the sentence in line with what would have been adjudged for the divers uses of marijuana, the court detailed all of the circumstances appropriately before the sentencing body and concluded that it was "confident [that] appellant's sentence would have included, as a minimum, a bad-conduct discharge and reduction. [*United States v.] Peoples,* 29 MJ [426] at 429 [ (CMA 1990) ]; [*United States v.] Sales,* 22 MJ [305] at 307 [ (CMA 1986) ]." 36 MJ at 1115. As thus reassessed, the court affirmed the findings and sentence.

These two portions of the opinion below form the bases for the two issues on which this Court granted appellant's petition for review:

## I

WHETHER THE IMPROPER REFERRAL TO TRIAL OF CHARGE I AND ITS SPECIFICATION ENTITLES APPELLANT TO A NEW TRIAL ON SENTENCE.

## II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN, AFTER FINDING THAT APPELLANT'S DEFENSE COUNSEL "COMMITTED [POST–TRIAL] ERROR" BY REQUESTING CONVENING AUTHORITY APPROVAL OF THE BAD–CONDUCT DISCHARGE CONTRARY TO APPELLANT'S EXPRESSED DESIRE FOR CLEMENCY IN THE FORM OF DISAPPROVAL OF THE PUNITIVE SEPARATION, IT FAILED TO RETURN THIS RECORD OF TRIAL FOR A NEW CONVENING AUTHORITY ACTION DUE TO THEIR FINDING OF "NO PREJUDICE."

While we find no merit in the first issue, we do agree with appellant as to the second and, accordingly, will order a new action by the convening authority following opportunity for appellant to submit a complete clemency package for the convening authority's consideration.

## I

■ Turning to the first issue, this Court has made it clear that, when the Court of Military Review finds a trial error that impacted on the adjudged sentence, it may "put itself in the shoes of the military judge or court members who originally adjudged the sentence" and reassess the sentence to one no greater than that which the sentencing body would have adjudged, absent the error. *United States v. Peoples*, 29 MJ at

428. If the court is unable to do so, it then must set aside the sentence and order a sentence rehearing at which a sentence may be adjudged that is untainted by the error in question. *Id.* Accord *United States v. Sales, supra; United States v. Suzuki*, 20 MJ 248 (CMA 1985).

■ We are not convinced that the Court of Military Review abused its discretion when it decided that it confidently could conclude that appellant's adjudged sentence would have included at least a bad-conduct discharge and reduction to the lowest enlisted grade, even without the improper conviction for disobedience. *See generally United States v. Reed*, 33 MJ 98, 99 (CMA 1991) (Court of Military Review must be able "confidently" to "discern the extent of [an] error's effect on the sentencing authority's decision" before it may purge the error by reassessment). While disobeying a superior officer's order to give a urine sample is serious military misconduct, that order in fact merely related to the course of drug abuse over many months which was the subject of the remaining, valid conviction. In fact, appellant already had been processed for administrative discharge due to an earlier instance of drug abuse that had been detected by command-directed urinalysis.

Moreover, after adamantly rejecting the services of his detailed defense counsel, appellant proceeded *pro se* and was unwavering in his position at trial that his marijuana use never hurt his duty performance and that it was justified "as a sedative to relax and ease the tension" of problems at work and "of his marriage to an alcoholic spouse." *See* 36 MJ at 1114. In reflecting on the sentence actually adjudged by the members, it would not appear that the Court of Military Review abused its discretion when concluding that, under these circumstances, the members would have adjudged at least the punitive discharge and reduction in grade for the divers uses of marijuana by this noncommissioned officer who had betrayed his some 18 years of service.*

* As these comments fairly imply, neither do we find the corrective action by the Court of Military

Review to be insufficient as a matter of law. *See United States v. Dukes*, 5 MJ 71 (CMA 1978);

## II

The nut of the dispute between the parties on the second issue is whether the court below erred when it concluded that appellant had not satisfied the second prong of *Strickland v. Washington, supra*—specifically, that he had suffered prejudice from his counsel's error. As indicated earlier, appellant represented himself during the trial, but defense counsel was appointed to pursue appellant's post-trial remedies, including filing a clemency petition with the convening authority. *See generally United States v. Palenius,* 2 MJ 86 (CMA 1977).

■■■ Of course, an accused has a right to ask the sentencing authority for a particular punishment to the exclusion of other kinds of permissible penalties, and a defense counsel may advocate an accused's wishes in this regard in an effort to effectuate them. *United States v. Weatherford,* 19 USCMA 424, 42 CMR 26 (1970). Counsel may not, however, ask a court-martial to impose a punitive discharge when the accused's wishes are to the contrary. *United States v. Robinson,* 25 MJ 43 (CMA 1987); *United States v. Webb,* 5 MJ 406 (CMA 1978); *United States v. Weatherford, supra.* Accordingly, when defense counsel does seek a punitive discharge or does concede the appropriateness of such a discharge—even as a tactical step to accomplish mitigation of other elements of a possible sentence—counsel must make a record that such advocacy is pursuant to the accused's wishes. *United States v. Lyons,* 36 MJ 425 (CMA 1993); *United States v. McNally,* 16 MJ 32 (CMA 1983).

■■■ Similar considerations inexorably lead to a similar conclusion regarding any post-trial advocacy that asks for or accepts the appropriateness of approval of an adjudged punitive discharge. *See generally United States v. Palenius, supra.* Indeed, as we noted earlier, the Court of Military Review held that defense counsel here erred in her advocacy of a bad-conduct discharge—even as an implied *quid pro quo* for substantially reduced confinement—when acceptance of

*United States v. Christopher,* 13 USCMA 231, 32

the discharge flew squarely in the face of appellant's desire to avoid it.

■■■ We do not agree with the court, however, that appellant suffered no prejudice from counsel's inadequate representation. Just because the court concluded that the court-martial would have sentenced appellant to a bad-conduct discharge for his divers uses of marijuana even in the absence of the other conviction, it is not a necessary conclusion that the convening authority would have approved the discharge against a forceful and persuasive plea for clemency in that regard. Appellant had furnished the Air Force and his country with lengthy dedicated service and apparently was a victim of a psychological chemical dependence on marijuana. The Secretary of the Air Force already had approved an honorable discharge based on appellant's administrative request to terminate his service as a result of his earlier positive urinalysis, so the relationship between appellant and the Air Force soon would have been severed even in the absence of the punitive discharge.

This Court often has referred to the convening authority's clemency powers as an "accused's best hope for sentence relief," *see, e.g., United States v. Stephenson,* 33 MJ 79, 83 (CMA 1991). Unfortunately, appellant's "best hope" was dashed by his own advocate. He deserves another opportunity.

## III

The decision of the United States Air Force Court of Military Review and the action of the convening authority are set aside. The record of trial is returned to the Judge Advocate General of the Air Force for referral to a new convening authority for a recommendation by the staff judge advocate and action by the convening authority, after appellant and defense counsel have had full opportunity to offer whatever matters they wish for consideration in this regard.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.