**S. Rebecca DACHMAN, Plaintiff,**

**v.**

**Donna SHALALA, Secretary, Department of Health & Human Services, Defendant.**

**Civil No. AMD 96–873.**

United States District Court, D. Maryland.

Jan. 14, 1997.

Francine Weiss, Kalijarvi, Chuzi & Newman, P.C., Washington, DC, for plaintiff.

George L. Russell, III, Assistant United States Attorney, Baltimore, MD, for defendant.

## MEMORANDUM

DAVIS, District Judge.

Plaintiff, S. Rebecca Dachman, M.D., filed a complaint against the Secretary, United States Department of Health & Human Services, alleging sex, race, religious and retaliation discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending before the Court are the plaintiff's motion to amend her complaint in order to join a co-worker as an individual defendant; plaintiff's motion for a voice exemplar; and a motion to intervene filed by plaintiff's co-worker. The motions have been fully briefed and no hearing is necessary. Local Rule 105.6 (D.Md.1995).

### (i)

Plaintiff's claims arise from a series of disputes with her superiors and the attendant adverse employment actions taken against her at the federal Food and Drug Administration, located in Montgomery County, Maryland, where she has worked since 1983 as a research scientist/physician. According to plaintiff, personal animosity toward her on the part of her supervisors, apparently rooted in her Orthodox Judaism and her gender, has led to an insufferable working environment marked by suspensions, reassignments and transfers.

In July 1994, plaintiff's immediate supervisor received a recorded death threat via his office voicemail. A few days later, he filed a statement of charges (naming plaintiff as the caller) for violation of a Montgomery County ordinance with the District Court of Maryland. Soon thereafter, plaintiff was arrested, handcuffed, fingerprinted and photographed, and released without bail to await trial. In December 1994, the criminal charges were dismissed by the state's attorney for Montgomery County. Plaintiff alleges that the entire episode was part and parcel of her superiors' efforts to force her to resign her position with the FDA.

Plaintiff filed her complaint in this case in March 1996. She now believes, after some discovery, that she is in possession of evidence sufficient to establish that the person who made the threatening call to her immediate supervisor was one of her co-workers, Margaret Mitrane, M.D. Plaintiff has retained an expert in voice identification who has provided a preliminary opinion that the voice on the tape of the call may well be that of Dr. Mitrane. Thus, plaintiff seeks an order requiring Dr. Mitrane to provide a voice exemplar (so that a more definitive opinion may be rendered) and has moved to amend her complaint to join Dr. Mitrane as a defendant in her individual capacity.

Apparently, the United States Attorney has made it clear that the United States would not seek to be substituted if Dr. Mitrane is joined as a defendant. *See Jamison v. Wiley,* 14 F.3d 222 (4th Cir.1994). Thus, Dr. Mitrane has retained counsel, who has filed a motion to intervene "for the purpose of responding to" plaintiff's outstanding motions. The Secretary has filed an opposition to each of plaintiff's motions.

Under the proposed amended complaint, plaintiff intends to assert a *Bivens*[1] claim based on Dr. Mitrane's alleged violation of the Fourth Amendment, as well as state-law claims for tortious interference with contractual relations and invasion of privacy. The theory of the federal claim against Dr. Mitrane seems to be that, in making the threatening call to plaintiff's supervisor, Dr. Mitrane intended that the supervisor would conclude that plaintiff had made the call, and would cause unwarranted criminal charges to be lodged against the plaintiff. Plaintiff argues, and the Secretary does not dispute, that Dr. Mitrane would not have been acting within the scope of her employment if in fact she made the call.

### (ii)

■ I shall deny the motion to amend the complaint. It is clear that the mere fact that Dr. Mitrane was a government employee at the time of the events in suit does not mean

---

**1.** *Bivens v. Six Unknown Named Narcotic Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

that any act she committed constitutes "state action" for purposes of constitutional analysis, and specifically, Fourth Amendment analysis. *United States v. Smith,* 810 F.2d 996, 997–98 (10th Cir.1987) (holding that district court properly denied motion to suppress narcotics which had been mailed to defendant, and which were seized when a suspicious postal employee removed the narcotics from the package, used some of it, and turned over remainder to authorities), *cert. denied,* 488 U.S. 888, 109 S.Ct. 218, 102 L.Ed.2d 210 (1988); *State v. Smith,* 243 Kan. 715, 763 P.2d 632 (1988) (evidence seized under warrant relying on state parks maintenance worker's unlawful entry into residence for non-law-enforcement purpose need not be suppressed).

"The effect of *Bivens* was, in essence, to create a remedy against federal officers acting under color of federal law, that was analogous to the § 1983 action against state officials." *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995), *citing Dean v. Gladney,* 621 F.2d 1331, 1336 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). Consequently, courts generally apply § 1983 law to *Bivens* cases. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Plaintiff emphasizes that Dr. Mitrane was not acting within the scope of her employment as a government scientist. Thus, Dr. Mitrane was not acting "under color of federal law" as required for a *Bivens* claim, but was acting as a private person. Under plaintiff's *Bivens* theory, then, any act by a *private* individual resulting in a wrongful arrest and prosecution of the victim would equate to a constitutional tort, i.e., violation of the Fourth Amendment (or, perhaps, the Due Process Clause), and common law torts such as malicious prosecution would be displaced. The authority foreclosing such a theory is rich, indeed. *E.g., Albright v. Oliver,* 510 U.S. 266, 267–86, 114 S.Ct. 807, 810–19, 127 L.Ed.2d 114 (1994) (plurality); *Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Aversa v. United States,* 99 F.3d 1200, 1215 (1st Cir.1996); *Roche v. John Hancock Mutual Life Ins. Co.,* 81 F.3d 249, 256 (1st Cir.1996).

Accordingly, there is scant reason for the exercise of discretion under Fed.R.Civ.P. 15 to allow the requested amendment. The one asserted federal claim is not a claim after all, and there is no reason to exercise pendent party jurisdiction over the remaining state-law claims under the circumstances here. *Cf.* 28 U.S.C.A. § 1367(a). This is a straightforward discrimination action under well-settled principles of federal statutory law. Dr. Mitrane was not one of plaintiff's supervisors and exercised no decision-making authority over plaintiff. Plaintiff may institute whatever claims she may have against Dr. Mitrane in state court.

(iii).

■ Courts have recognized that voice identification techniques are legitimate tools in adversarial proceedings. *United States v. Oriakhi,* 57 F.3d 1290, 1298–1300 (4th Cir. 1995); *Roche,* 81 F.3d at 251–52; *Ricketts v. City of Hartford,* 74 F.3d 1397, 1409–12 (2d Cir.1996); *Government of the Virgin Islands v. Sanes,* 57 F.3d 338, 341 (3rd Cir.1996). Accordingly, the request for a voice exemplar shall be granted.

(iv)

In light of the rulings set forth herein, there is no basis upon which Dr. Mitrane might logically or meaningfully intervene in this action.