# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**FRANCIS L. CAPTAIN**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300137**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 11 January 2013.
**Military Judge:** CDR John Maksym, JAGC, USN.
**Convening Authority:** Commanding General, 3d Marine
Logistics Group, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** LtCol P.D. Sanchez,
USMC.
**For Appellant:** LT Carrie Theis, JAGC, USN.
**For Appellee:** Capt Cory Carver, USMC.

**29 July 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial
convicted the appellant, pursuant to his pleas, of one
specification of abusive sexual contact in violation of Article
120, Uniform Code of Military Justice.[1]  The military judge
sentenced the appellant to confinement for 5 years and 6 months,

---
[1] 10 U.S.C. § 920.

reduction to pay grade E-1, forfeiture of all pay and allowances, a $50,000.00 fine, and a dishonorable discharge. The convening authority disapproved the fine and approved the remaining sentence. In accordance with a pretrial agreement, the convening authority suspended all confinement in excess of 4 years.

The appellant raises two assignments of error. First, he claims that trial defense counsel provided ineffective assistance by failing to offer evidence in extenuation and mitigation in sentencing. Second, he claims that trial defense counsel provided ineffective assistance by conceding the appropriateness of a dishonorable discharge without the appellant's consent. As both assignments of error address whether trial defense counsel was ineffective during sentencing, we analyze them together.

We have reviewed the record of trial, the parties' pleadings, the appellant's affidavit, trial defense counsel's declaration, and the record of the *DuBay*[2] hearing that we ordered. We conclude that the findings and sentence are correct in law and fact and that no error was committed that was materially prejudicial to the substantial rights of the appellant.[3] Specifically, we find that the appellant failed to meet his burden of showing that trial defense counsel provided ineffective assistance during the sentencing phase of the appellant's court-martial.

## Background

The appellant pleaded guilty at a general court-martial to abusive sexual contact pursuant to a pretrial agreement. In exchange for the appellant's pleas, the convening authority agreed to dismiss additional charges of sexual assault and suspend all confinement in excess of 48 months.

At sentencing, the Government offered the testimony of the victim and recommended a sentence of confinement for five years, reduction to E-1, total forfeitures, and a dishonorable discharge.[4] Trial defense counsel offered only the unsworn statement of the appellant and recommended a sentence of confinement for two years, reduction to E-1, and a dishonorable

---

[2] *United States v. DuBay*, 37 C.M.R. 411 (C.M.A 1967).

[3] Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

[4] Record at 75.

discharge.[5]  The maximum punishment allowable was confinement for seven years, forfeiture of all pay and allowances, reduction to E-1, a fine, and a dishonorable discharge.

In a post-trial affidavit, the appellant alleges that trial defense counsel was ineffective for two reasons: (1) he failed to call character witnesses or offer documentary evidence of the appellant's military service in extenuation and mitigation; and (2) he argued for a dishonorable discharge without the appellant's consent.  We concluded that we could not resolve either claim without further fact-finding and ordered a *DuBay* hearing.  The *DuBay* hearing record was authenticated and returned to this Court with the military judge's findings of fact and conclusions of law.

## Discussion

A military judge's *DuBay* findings of fact on an issue of ineffective assistance of counsel are reviewed under a clearly erroneous standard while conclusions of law and the question of prejudice are reviewed *de novo*.[6]  Finding no clear error, we accept the *DuBay* judge's findings of fact and adopt them as our own.[7]

The Sixth Amendment to the U.S. Constitution guarantees an accused's right to effective assistance of counsel.  We analyze claims of ineffective assistance of counsel under the test enunciated by the Supreme Court in *Strickland v. Washington*.[8]  Thus, to prevail on a claim of ineffective assistance of counsel, "an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice."[9]  We review both parts of the *Strickland* test *de novo*.[10]

---

[5] *Id.* at 78.

[6] *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2004).

[7] We note that the appellant did not object to the same judge presiding at the *DuBay* hearing as his court-martial, despite being given the opportunity to do so.  Record of *DuBay* Hearing at 9-10 and 118-122.

[8] 466 U.S. 668 (1984).

[9] *United States v. Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687) (additional citation omitted).

[10] *United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. 2008).

For the first part of the *Strickland* test, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."[11] The appellant "bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance."[12] At the sentencing phase, trial defense counsel may be ineffective "when counsel either fails to investigate adequately the possibility of evidence that would be of value to the accused in presenting a case in extenuation and mitigation or, having discovered such evidence, neglects to introduce that evidence before the court-martial."[13]

Here, after adequate investigation into the matter, trial defense counsel made a tactical decision not to call any of the potential character witnesses that the appellant suggested.[14] The tactical reasoning behind this decision was to avoid opening the door to potentially damaging evidence that the Government could offer in rebuttal. This tactical reasoning was reasonable and, as such, we agree with the conclusion of the *DuBay* judge that trial defense counsel was not deficient in failing to call sentencing witnesses.

Trial defense counsel also decided not to offer any military records documenting the appellant's combat deployments. Trial defense counsel again expressed concern that offering such evidence would do more harm than good by opening the door for rebuttal by the Government. With the benefit of hindsight, this tactical reasoning is questionable since it is unlikely that the Government could have effectively rebutted official military documentation of the appellant's deployment history. However, while the trial defense counsel's tactical reasons may have been questionable, based on the record before us we cannot say that the decision was outside "the wide range of reasonable professional assistance."[15] The right to effective assistance of counsel does not entitle an accused to perfect assistance of

---

[11] 466 U.S. at 689.

[12] *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citation omitted).

[13] *United States v. Alves*, 53 M.J. 286, 289 (C.A.A.F. 2000) (quoting *United States v. Boone*, 49 M.J. 187, 196 (C.A.A.F. 1998)) (internal quotation marks omitted).

[14] Record of *DuBay* Hearing at 127-30.

[15] *Strickland*, 466 U.S. at 689.

counsel. A mere disagreement over trial tactics does not rise to the level of a Sixth Amendment violation.[16]

Finally, the appellant claims that trial defense counsel provided ineffective assistance of counsel by conceding the appropriateness of a dishonorable discharge without his client's consent. It is well-established that an accused may request a punitive discharge in lieu of confinement, or to mitigate the length of confinement. Thus, a defense counsel is permitted to advocate on behalf of his client for such punishment. However, "when defense counsel does seek a punitive discharge . . . - even as a tactical step to accomplish mitigation of other elements of a possible sentence - counsel must make a record that such advocacy is pursuant to the accused's wishes."[17] In short, the law requires that there be "an adequate record of appellant's desire that a punitive discharge be actually imposed."[18]

Here, trial defense counsel admitted in his post-trial declaration that he failed to make an adequate record of the fact that the appellant had consented to his arguing for a dishonorable discharge. But he maintained in his declaration and in his testimony at the *DuBay* hearing that he had fully discussed the matter with the appellant before trial, and that the appellant had agreed with the tactic of requesting a dishonorable discharge in the hope of receiving less confinement.[19] Trial defense counsel testified at the *DuBay* hearing that the appellant's overriding concern was "to serve the least amount of confinement that he could serve."[20] At the *DuBay* hearing the appellant agreed that he told his trial defense counsel that he wanted to avoid incarceration. The military judge found trial defense counsel credible on this point.[21] We agree and conclude that despite counsel's failure to

---

[16] We note that the military judge was aware of the appellant's combat deployments, and took them into account during sentencing. *DuBay* Hearing Findings of Fact and Conclusions of Law at 13-14.

[17] *United States v. Dresen*, 40 M.J. 462, 465 (C.M.A. 1994) (citations omitted).

[18] *United States v. Pineda*, 54 M.J. 298, 301 (C.A.A.F. 2001) (citation omitted).

[19] *DuBay* Hearing Findings of Fact and Conclusions of Law at 11 and Record of *DuBay* Hearing at 124.

[20] Record of *DuBay* Hearing at 124.

[21] *DuBay* Hearing Findings of Fact and Conclusions of Law at 14.

5

memorialize a record of this understanding, we find no deficient performance that implicated the appellant's Sixth Amendment right to counsel.

Having determined that the appellant did not meet his burden to show that trial defense counsel's performance was deficient within the meaning of *Strickland*, we do not reach the second part of the *Strickland* analysis.

## Conclusion

We affirm the findings and sentence as approved by the convening authority.

For the Court

R.H. TROIDL
Clerk of Court