UNITED STATES of America, Appellee,

v.

Ifeanyi MONU, Appellant.

No. 85–5072.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1985.

Decided Feb. 11, 1986.

Dow M. Spaulding, Greensboro, N.C. (Michael E. Lee, Greensboro, N.C., on brief) for appellant.

Paul A. Weinman, Asst. U.S. Atty. (Kenneth W. McAllister, U.S. Atty., Greensboro, N.C., on brief) for appellee.

Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Ifeanyi Monu appeals the judgment of the district court convicting him of possession of heroin and marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and of use of the mails to promote an unlawful activity involving controlled substances, in violation of the Travel Act, 18 U.S.C. § 1952. Finding no merit in the appellant's assignments of error, we affirm the judgment of the district court.

In October 1984 customs agents at Kennedy International Airport opened five packages in the international mail, acting upon detection by a trained dog that the packages contained drugs. Three of the packages contained marijuana; two, heroin. The packages, addressed to "Greg Davis" at a residence in High Point, North Carolina, were resealed and delivered by a postal carrier to the designated address. Law enforcement officers watched the appellant come to the door, receive the packages, and later deposit into a curbside trash can the wrappings from the packages that had contained heroin. The officers then searched the house, pursuant to a warrant. Among other items, they seized 100 grams of 14 percent pure heroin, 35 grams of 18 percent pure heroin, and a triple beam balance scale.

Monu asserts first that the district court erred in admitting testimony in the form of opinions from two expert witnesses. Two investigative agents testified that, whereas the heroin found in the residence occupied by Monu ranged in purity from 14 to 18 percent, heroin upon distribution to users is ordinarily 1 to 3 percent pure. One of the agents also testified that the type of triple beam balance scale found in the house was a "tool of the trade" of heroin distribution. Monu contends that opinions of expert witnesses are admissible only if supported by facts in the record. Because the agents did not offer data or experience to support their opinions, Monu argues that these opinions were improperly admitted.

To the contrary, Federal Rule of Evidence 703 explains that the facts or data upon which an expert bases his opinion need not be admissible in evidence, if these facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject...." The two agents in this case testified that they were relying re-

spectively on 12 and 18 years of experience in investigating heroin distribution, experience that included distinguishing among grades of heroin and investigating the ways that heroin is diluted prior to distribution. We conclude that the experts' testimony was properly admitted. *See United States v. Pugliese,* 712 F.2d 1574, 1582 (2d Cir.1983); *United States v. Golden,* 532 F.2d 1244, 1247–48 (9th Cir.1976).

Monu also argues that the district court erred in denying his motion for acquittal on the charge under the Travel Act, in that there was insufficient evidence that he performed the acts required to establish a violation of the Act.*

 A violation of the Travel Act requires proof of three elements. The defendant must (1) travel in interstate or foreign commerce or use an interstate or foreign facility, such as the mail; (2) intend thereby to promote an unlawful activity; and (3) subsequently promote or attempt to promote that unlawful activity. *United States v. Hayes,* 775 F.2d 1279, 1282 (4th Cir.1985). Moreover, the unlawful activity involving controlled substances must be part of a continuous enterprise, not an isolated crime. *United States v. Corbin,* 662 F.2d 1066, 1072–73 (4th Cir.1981); *see also Rewis v. United States,* 401 U.S. 808, 811–12 n. 6, 91 S.Ct. 1056, 1059 n. 6, 28 L.Ed.2d 493 (1971).

 In reviewing the district court's denial of the motion for judgment of acquittal, we must assess the evidence in the light most favorable to the government. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). We conclude that a jury could reasonably find that all elements of the crime were satisfied in this case. The government's evidence showed that Monu received heroin in the mail. The quantity and purity of the heroin suggest Monu's intent to distribute it. The jury could reasonably find that by unwrapping the packages containing heroin Monu attempted to promote heroin distribution after he used the mail. The requirement of *United States v. Corbin* that the unlawful activity be part of a continuous enterprise is satisfied by the evidence concerning the triple beam balance scale. This tool indicates that Monu's receipt of the heroin was part of an ongoing enterprise, rather than an isolated instance of criminal conduct. *Cf. Corbin,* 662 F.2d at 1073 n. 16.

Because sufficient evidence supports the verdict, we conclude that the district court did not err in denying the motion for judgment of acquittal on the charge of violating the Travel Act. Nor did the court err in admitting testimony in the form of opinions from the investigative officers.

AFFIRMED.

* The Travel Act, 18 U.S.C. § 1952, provides:
 (a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—
 (1) distribute the proceeds of any unlawful activity; or
 (2) commit any crime of violence to further any unlawful activity; or
 (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.
 18 U.S.C. § 1952(b) defines "unlawful activity" to include "any business enterprise involving ... narcotics or controlled substances...." Heroin is a "controlled substance" listed in 21 U.S.C. § 812.