35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin JOHNSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor AKAPPO, a/k/a Victor Akappa, a/k/a Toye, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lee JOHNSON, a/k/a Clear Man, Defendant-Appellant.
 Nos. 93-5567, 93-5588, 93-5589.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1994.
Decided Sept. 7, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-93-7)
 Thomas Parrish Collins, Eck & Collins, Richmond, VA; Arnold R. Henderson, V, Wilder & Gregory, Richmond, VA; John L. Lumpkins, Jr., Mechanicsville, VA, for appellants.
 Helen F. Fahey, U.S. Atty., Kristina L. Ament, Special Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HALL, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 These cases represent the consolidated direct appeals of Calvin Johnson (No.93-5567), Ronald Johnson (No.93-5589), and Victor Akappo (No.93-5588). After a trial by jury in the Eastern District of Virginia, Calvin Johnson was convicted and sentenced[1] for conspiracy to distribute heroin, interstate travel in aid of racketeering, and possession of heroin with intent to distribute, as well as aiding and abetting the same, in violation of 21 U.S.C. # 8E8E # 841(a)(1), 846 (1988); 21 U.S.C. Sec. 2 (1988); and 18 U.S.C.A. Sec. 1952(a)(3) (West Supp.1994) (the "Travel Act"). Calvin's nephew, Ronald Johnson, was convicted and sentenced for conspiracy to distribute and distribution of heroin, as well as aiding and abetting the same, in violation of 21 U.S.C. Sec. 841(a)(1), 846, and 18 U.S.C. Sec. 2. Victor Akappo was convicted and sentenced after a trial to the court for conspiracy to distribute heroin, in violation of 21 U.S.C. Sec. 846. All three now appeal, alleging that the evidence was insufficient to support the conspiracy convictions, to support Calvin Johnson's interstate travel conviction, and to support Calvin Johnson's conviction for possession of heroin with intent to distribute. Akappo raises several additional claims in a pro se supplemental brief. We affirm.
 
 I.
 
 2
 We first examine the conspiracy convictions. This Court reviews claims of insufficient evidence to sustain a verdict as whether "there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The essential elements of a drug conspiracy under Sec. 846 consist of (1) an agreement to violate federal drug laws, and (2) the defendant's willful participation in that agreement. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991). No overt act in furtherance of the agreement is required, id. at 641; United States v. Mabry, 953 F.2d 127, 130 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3780 (U.S.1992), and the existence of an agreement may be shown by circumstantial evidence. United States v. Laughman, 618 F.2d 1067, 1074 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 3
 The evidence presented here was more than sufficient to meet the Glasser standard. Calvin Johnson argues that the lack of direct evidence of his involvement in drug distribution undermines his conviction for conspiracy, but as noted above, no overt act is required for Sec. 846 conspiracies. Clark, 928 F.2d at 641, Mabry, 953 F.2d at 130. Circumstantial evidence illustrated that Calvin Johnson received drugs on consignment at various points during the conspiracy from Ernest Lee Higgs, Latanya Wilson, and others, and that he returned in each instance to pay for those drugs, leading to the natural inference that he actually sold the drugs in the interim.
 
 
 4
 Ronald Johnson concedes that he was involved in one drug transaction, which involved obtaining heroin for a customer who, unbeknownst to him, was a government informant. He nonetheless asserts that this one instance of drug dealing is insufficient to establish his link to the broader conspiracy. The nature of the transaction illustrates otherwise, however, as does the testimony of Ronald Johnson's coconspirators. Higgs testified that he sold heroin to Ronald Johnson on several occasions, and Wilson related a comment made by Ronald Johnson from which one could reasonably infer that he had an ongoing involvement with drug distribution.[2] Furthermore, we note that willful and knowledgeable participation in a conspiracy on only one occasion is sufficient to convict a defendant, even if he played a minor role. United States v. Roberts, 881 F.2d 95, 101 (4th Cir.1989).
 
 
 5
 Victor Akappo similarly argues that the evidence presented at trial was insufficient to link him to the drug conspiracy. Again, the record illustrates otherwise. Obisesan testified to Akappo's involvement with efforts to smuggle heroin into the United States from Nigeria, and to Akappo's assistance in distributing that heroin to Higgs, Calvin Johnson, and others in the Richmond area--assistance for which he was paid. Wilson testified that she observed Akappo handing a package of heroin to Obisesan, and Higgs noted that Akappo was present during a transaction between himself and Obisesan.
 
 
 6
 This evidence, viewed in the light most favorable to the government, was clearly sufficient to support Appellants' conspiracy convictions beyond a reasonable doubt.
 
 II.
 
 7
 Calvin Johnson's remaining claims are equally without merit. He asserts that the evidence was insufficient to support his conviction for violating the Travel Act, because no evidence was presented that he was in interstate commerce when he travelled to New Jersey to obtain drugs in February 1992, or that New Jersey is a state. However, a vio lation of the Travel Act is adequately established upon proof that the defendant engaged in interstate travel with the intent to promote an unlawful activity, and subsequently promoted or attempted to promote that unlawful activity. United States v. Monu, 782 F.2d 1209, 1211 (4th Cir.1986). Here, the testimony presented at trial established that Calvin Johnson drove to New Jersey with several other persons to purchase heroin from Obisesan in February 1992. At the subsequent meeting, he handed coconspirator Carlton Neil Pittman $7000, which Pittman immediately used to buy heroin from Obisesan. Calvin Johnson took possession of the heroin after the deal was concluded. These facts were clearly sufficient to establish a violation of the Travel Act.
 
 
 8
 Calvin Johnson also contends that his conviction for possession with intent to distribute must fail, because the indictment charged him and Obisesan with possession of the same quantity of drugs on the same date, when in fact he and Obisesan had not seen each other on that date. Wilson testified, however, that she acted as courier of drugs and money between Obisesan and Calvin Johnson on the day in question by taking money delivered to her the previous night by Calvin Johnson, going to the Richmond hotel room where Obisesan was staying, buying two ounces of heroin for Calvin Johnson, and delivering it to Calvin Johnson "directly in his hand." Based on this testimony, which the jury obviously believed, it is indeed possible that Obisesan and Calvin Johnson could be charged with possessing the same heroin on the same date without actually having seen each other. Calvin Johnson's final contention must fail.
 
 III.
 
 9
 In addition to those arguments presented by counsel, Akappo raises four additional claims in a pro se supplemental brief.[3] He asserts that he was entitled to a reduction in his offense level under guideline section 3B1.2(a), because he played only a minimal role in the offense and is not entitled to halfway house placement. He also challenges as unfairly prejudicial the district court's failure to sever his trial from that of his coconspirators, and a prosecutorial comment made during a bench conference revealing Akappo's failure to challenge the forfeiture of his vehicle. Finally, he challenges the sufficiency of the evidence used to convict him.
 
 
 10
 We reject these claims. Evidence presented at trial undercuts Akappo's assertion that he played only a minimal role in this conspiracy. He has failed to show prejudice with regard to his second and third claims, and would be hard pressed to do so, given the fact that his case, unlike those of his coconspirators, was tried to the court rather than to the jury. The sufficiency of the evidence claim fails for those reasons noted above.
 
 IV.
 
 11
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 These Appellants were sentenced pursuant to the November 1992 version of the federal sentencing guidelines. United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 According to Wilson, Ronald Johnson made the comment on the street, "that girl better bring that [sic] drugs back here, and better not short like Shorty did[,]" apparently referring to drugs Wilson obtained from supplier Ellis Obisesan
 
 
 [3]
 We grant Akappo's pending motion to file the pro se supplemental brief