46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald SMITH, Defendant-Appellant.
 No. 93-5783.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1994.
Decided Feb. 8, 1995.
 
 Denise Y. Lunsford, MICHIE, HAMLETT, LOWRY, RASMUSSEN & TWEEL, P.C., Charlottesville, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Donald Ray Wolthuis, Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before WILKINSON, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald Smith argues on appeal that the evidence was insufficient to support his conviction of distribution or aiding and abetting the distribution of cocaine base ("crack"), that the district court improperly admitted expert testimony, and that the sentencing court erroneously failed to provide a statement of reasons for the sentence imposed. We affirm.
 
 I.
 
 2
 Officer Green testified that he first saw Smith when, in response to Green's request for cocaine, Smith started toward the unmarked police car. Smith backed away after someone warned, "Hey, man, you better leave that damn car alone." Green circled the block and encountered an individual, later identified as Fernando Gaston, who, in response to Green's request for cocaine, told him to wait and walked up the street toward the place where Green first encountered Smith. Through his rear view mirror, Green watched an exchange of some sort between Gaston and Smith--whom he recognized from the earlier encounter. Gaston immediately returned to the vehicle and sold Green a quantity of crack cocaine.
 
 
 3
 Gaston partially corroborated this testimony, stating that after Green requested cocaine base, he went up the street to obtain the cocaine. He met someone, obtained the crack, and returned to the vehicle. After the transaction, he returned to about the same place and gave the money to someone waiting there. He believed, but was not sure, that he returned the money to the same person from whom he obtained the crack cocaine.
 
 
 4
 When arrested, Smith did not have any cocaine or money in his possession, and his hands did not reveal any traces of the powder with which the buy-money had been treated. One of the officers participating in the arrest testified that Smith made a throwing motion when the arresting officers approached.
 
 
 5
 Viewing this evidence in the light most favorable to the government, as we must under Glasser v. United States, 315 U.S. 60, 80 (1942), we find that a rational trier of fact could have found beyond a reasonable doubt that Smith was guilty of distribution or aiding and abetting the distribution of cocaine base.
 
 II.
 
 6
 The district court has broad discretion in determining whether to allow expert testimony to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702; United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir.), cert. denied, 115 S.Ct. 102 (1994); United States v. Barsanti, 943 F.2d 428, 432 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3652 (U.S.1992); see Hamling v. United States, 418 U.S. 87, 108 (1974). This is especially true in the context of drug cases with regard to testimony about the methods of drug dealers. Gastiaburo, 16 F.3d at 589; United States v. Safari, 849 F.2d 891, 895 (4th Cir.), cert. denied, 488 U.S. 945 (1988); United States v. Monu, 782 F.2d 1209, 1210-11 (4th Cir.1986).
 
 
 7
 Because " '[i]t is a reasonable assumption that a jury is not well versed in the behavior and average consumption of drug users,' " Gastiaburo, 16 F.3d at 589 (quoting United States v. Wilson, 964 F.2d 807, 810 (8th Cir.1992)), we find that the district court was well within its discretion in allowing the expert testimony of Sergeant Campbell regarding the marketing, packaging, sales, and distribution of crack cocaine.
 
 III.
 
 8
 The determination of the appropriate sentence within the applicable guideline range is within the discretion of the sentencing judge, and this Court has no authority to review such a sentence for an abuse of discretion. United States v. Porter, 909 F.2d 789, 794-95 (4th Cir.1990). Moreover, based on our review of the sentencing colloquy, we reject Smith's argument that the district court failed to comply with 18 U.S.C.A. Sec. 3553(c)(1) (West Supp.1994).
 
 
 9
 Additionally, the district court's refusal to grant a departure from the guideline range is an unappealable exercise of the sentencing court's discretion. United States v. Meitinger, 901 F.2d 27, 29 (4th Cir.), cert. denied, 498 U.S. 985 (1990); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). We therefore do not review the district court's refusal to sua sponte grant a downward departure from Smith's sentencing range. See United States v. Davis, 954 F.2d 182, 187 (4th Cir.1992).
 
 
 10
 We therefore affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.