### UNITED STATES

v.

**George T. DANIEL, 231 88 2888 Gunnery Sergeant (E–7), U.S. Marine Corps.**

**NMCM 93 02473.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 May 1993.

Decided 8 June 1995.

Maj. H.W. Frank, USMC, Appellate Defense Counsel.

Lt D.M. Harrison, JAGC, USNR, Appellate Government Counsel.

Before MOLLISON, CLARK and DeCICCO, JJ.

CLARK, Judge:

A special court-martial consisting of officer members convicted the appellant, contrary to his pleas, of seven specifications of sexual harassment,[1] two specifications of assault consummated by a battery,[2] and one specification of indecent assault.[3] The court-martial sentenced the appellant to confinement for 4 months, forfeiture of $250.00 pay per month for 4 months, reduction to paygrade E–1, and a bad-conduct discharge. All confinement was deferred until the convening authority took action on 13 September 1993. The convening authority approved the sentence, but suspended all confinement for 1 year from the date of his action.

The appellant has filed five assignments of error.[4] Because we find merit in Assignment

---

1. Uniform Code of Military Justice [UCMJ], art. 92, 10 U.S.C. § 892.

2. UCMJ, art. 128, 10 U.S.C. § 928.

3. UCMJ, art. 134, 10 U.S.C. § 934.

4. I. APPELLANT MAY NOT BE CONVICTED OF VIOLATING THE DEPARTMENT OF THE NAVY POLICY ON SEXUAL HARASSMENT, WHICH PROHIBITS THE SEXUAL HARASSMENT OF MILITARY MEMBERS AND CIVILIAN EMPLOYEES, BASED ON HIS CONDUCT TOWARDS MEMBERS OF THE DELAYED ENTRY/ENLISTMENT PROGRAM BECAUSE THE ORDER, BY ITS TERMS, DOES NOT APPLY TO MEMBERS OF THAT PROGRAM.

II. APPELLANT MAY NOT BE CONVICTED OF VIOLATING THE DEPARTMENT OF THE NAVY POLICY ON SEXUAL HARASSMENT BECAUSE THAT ORDER IS UNCONSTITUTIONALLY VAGUE ON ITS FACE.

A. The Regulation's Prohibition of "Hostile Environment" Sexual Harassment is Facially Void For Vagueness Because It Fails To Provide Any Standard At All.

B. The Regulation's Prohibition of "Hostile Environment" Sexual Harassment is Facially Void For Vagueness Because of Its Chilling Effect on the Exercise of First Amendment Rights.

III. APPELLANT MAY NOT BE CONVICTED OF VIOLATING THE DEPARTMENT OF THE NAVY POLICY ON SEXUAL HARASSMENT FOR CONDUCT TOWARDS MEMBERS OF THE DELAYED ENTRY/ENLISTMENT PROGRAM BECAUSE THAT ORDER IS UNCONSTI-

of Error V, the other assigned errors are rendered moot.

## I

■ In each of seven specifications of violating Article 92, UCMJ, of which the appellant was convicted, he was charged with violating Secretary of the Navy Instruction [SECNAVINST] 5300.26A,[5] dated 2 August 1989, "by wrongfully making unwelcome sexual advances ... thereby creating an intimidating, hostile, or offensive environment." SECNAVINST 5300.26A was a one-page document with the subject: **DEPARTMENT OF THE NAVY POLICY ON SEXUAL HARASSMENT.** Prosecution Ex. 1. Its stated purpose was "to revise Department of the Navy policy on sexual harassment and to conform to reference (a)."[6] It assigned responsibility for implementation of the policy to the Chief of Naval Operations [CNO] and the Commandant of the Marine Corps [CMC]. They were responsible for:

a. Wide distribution of enclosure (1) to military and civilian personnel under their cognizance.

b. Appropriate training and guidance to create a workplace free from sexual harassment.

c. Ensuring that commands take appropriate administrative and disciplinary measures in every case of noncompliance with Department of the Navy policies against sexual harassment.

SECNAVINST 5300.26a, ¶ 5. Enclosure (1) was a two-page document headed "DEPARTMENT OF THE NAVY POLICY ON SEXUAL HARASSMENT."

The Instruction on its face refers to disciplinary action within only two contexts:

(1) Listed among the "Major changes" to the completely revised preceding instruction was, "Makes mandatory corrective action, administrative or disciplinary, on substantiated complaints." ¶ 3e; and

(2) It obligated the CNO and the CMC to "[e]nsur[e] that commands take appropriate administrative and disciplinary measures." ¶ 5c.

The general tenor of Enclosure (1) was that the policy of the Department of the Navy was to eliminate sexual harassment from the workplace. It defined sexual harassment, gave examples of what constituted sexual harassment, and stated related responsibilities of Department personnel. It mandated an initial orientation and a periodic training program to prevent sexual harassment. It required *corrective action* on "[s]ubstantiated acts of or conduct which results in sexual harassment" and on "[s]ubstantiated complaints". In the case of substantiated acts, such corrective action was to be "administrative or disciplinary"; in the case of substantiated complaints, corrective action was to be "administrative and/or disciplinary action as appropriate." Remedies available to military members included the Navy Grievance Procedures, the Uniform Code of Military Justice, and Request Mast. Complaints to the Inspector General also were authorized.

Conspicuously absent from the SECNAVINST and Enclosure (1) were any clear indications that individuals would be criminally liable for conduct considered inimical to the stated departmental policy.

Another panel of this court, setting aside a conviction under UCMJ art. 134 for a violation of SECNAVINST 5300.26A, noted that the Instruction appeared to be directed to-

TUTIONALLY VAGUE AS APPLIED TO THAT CONDUCT.
IV. APPELLANT MAY NOT BE CONVICTED OF VIOLATING THE DEPARTMENT OF THE NAVY POLICY ON SEXUAL HARASSMENT FOR THE CONDUCT ALLEGED UNDER SPECIFICATION 6 OF CHARGE I BECAUSE THE ORDER IS UNCONSTITUTIONALLY VAGUE AS APPLIED TO THAT CONDUCT.
V. APPELLANT MAY NOT BE CONVICTED OF AN ORDERS VIOLATION UNDER UCMJ art. 92 BECAUSE THE APPLICABLE INSTRUCTION, SECNAV INSTR. 5300.26A, WAS NO

MORE THAN A POLICY STATEMENT WHICH MAY NOT BE CONSTRUED AS A PUNITIVE ORDER.

5. This instruction has been superseded by SECNAV INSTRUCTION 5300.26B, dated 6 January 1993.

6. Reference (a) was a Department of Defense internal memorandum referred to as **DOD memo of 20 Jul 1988 (NOTAL).** Its contents are not in the record of trial or before this court.

ward behavior within the military working environment, not the off-duty employment situation in that case. *United States v. Peszynski*, 40 M.J. 874, 883 n. 11 (N.M.C.M.R 1994). We limit our analysis to whether the Instruction was a lawful general order or regulation for the purpose of a prosecution under UCMJ, art. 92.

No single characteristic of a general order determines whether it applies punitively to members of a command. *United States v. Nardell*, 21 C.M.A. 327, 45 C.M.R. 101 (1972). The order in its entirety must demonstrate that rather than providing general guidelines for the conduct of military functions it is basically intended to regulate conduct of individual members and that its direct application of sanctions for its violation is self-evident. *United States v. Scott*, 22 C.M.A. 25, 46 C.M.R. 25 (1972); *Nardell.* In analyzing the character of a regulation as a whole, courts may give significant weight to its stated purpose. *United States v. Bright*, 20 M.J. 661 (N.M.C.M.R.), *pet. denied*, 21 M.J. 103 (C.M.A.1985). Another factor to consider is whether it requires implementation by subordinate commanders for its vitality as a code of conduct. *Scott; Bright.*

The stated purpose of SECNAVINST 5300.26A was to "revise Department of the Navy policy on sexual harassment." No other purpose is stated or is self-evident within the order or Enclosure (1). Responsibility for implementation of the policy stated in the purpose fell upon the CNO and the CMC. They were responsible for requiring further implementation by their subordinate commanders. The subordinate implementing directives could have been of a nature to operate as general orders or regulations within the meaning of Article 92. *See United States v. Blanchard*, 19 M.J. 196 (C.M.A.1985); *United States v. Whitcomb*, 1 M.J. 230 (C.M.A.1975); *Nardell; United States v. Woodrum*, 20 C.M.A. 529, 43 C.M.R. 369 (1971); *United States v. Tassos*, 18 C.M.A. 12, 39 C.M.R. 12 (1968).

The primary emphasis of the Instruction was on orientation and training of individuals and on management of work places so as to eliminate sexual harassment. Individual conduct was addressed only in terms of its rela-

tionship to enhancing or detracting from the departmental policy enunciated in the Instruction. While stating that "[s]exual harassment is unacceptable conduct", the Instruction emphasized that **managers and supervisors** were "in an especially important position to prevent sexual harassment" through corrective administrative and/or disciplinary action. It was not self-evident that such corrective action included subjecting individuals to punitive criminal sanctions under Article 92. It also didn't make clear that its intent was to prosecute individuals under other UCMJ articles; e.g., 93, 128 or 134. In fact, the term "punitive" did not appear in the Instruction or in Enclosure (1).

The Court of Military Appeals has explicitly expressed the need for orders to indicate their punitive nature by self-evident, unambiguous language:

[I]f a general order is to provide a course of conduct for servicemen and a criminal sanction for a failure to abide by it, we see no reason why the drafter of the order cannot clearly state therein to whom the provisions are applicable and whether or not further implementation is required as a condition to its effectiveness as a criminal law.

*Scott*, 22 C.M.A. at 29, 46 C.M.R. at 29. The superceding version of SECNAVINST 5300.26A purports to do that in language that is conspicuously different from that which appeared in the Instruction in this case. SECNAVINST 5300.26B, dated 6 January 1993, states that its purpose includes "establish[ing] regulations to enforce [the Department of the Navy Policy on Sexual Harassment]." It indicates that a major change is that it "[m]akes clear" that the prohibition against sexual harassment may be enforced through **punitive,** disciplinary, or administrative action **(including punishment for violation of a lawful general order under Article 92, Uniform Code of Military Justice (UCMJ)) under military or civilian systems.**" SECNAVINST 5300.26B, ¶ 4b (emphasis added). This indicates that even the drafter of SECNAVINST 5300.26B did not perceive that SECNAVINST 5300.26A was clearly and self-evidently punitive under Article 92. We need not gratuitously venture

an advisory opinion on the punitive nature of SECNAVINST 5300.26B;[7] however, comparing the obvious differences between the two instructions, we perceive that the drafter apparently knows how to make clear the punitive nature of an instruction when that is intended. We also are persuaded by use of the word "establish" in the purpose statement of SECNAVINST 5300.26B. This tells us that the regulations are being brought into being for the first time and are not being reemphasized.

We find that SECNAVINST 5300.26A was not punitive. Those specifications alleging violations of this Instruction under UCMJ, art. 92 fail to state an offense. We will take remedial action in our decretal paragraph.

## II

The findings of guilty of Specifications 1, 2, 3, 5, 6, and 7 of Charge I and of Specification 1 of Additional Charge II are set aside, and those specifications are dismissed. The remaining findings of guilty are affirmed. Our action on the findings leaves the appellant convicted at a special court-martial of two specifications of assault consummated by a battery and one specification of indecent assault. Reassessing the sentence on the basis of the error and the entire record, we affirm only so much of the sentence as provides for confinement for 4 months, reduction to paygrade E–1, and a bad-conduct discharge. *United States v. Dresen,* 40 M.J. 462 (C.M.A. 1994); *United States v. Jones,* 39 M.J. 315 (C.M.A.1994); *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990); *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

Senior Judge MOLLISON and Judge DeCICCO concur.

---

**7.** An opinion on the punitive nature of SECNAVINST 5300.26B has been propounded in at least one scholarly publication. *See* LCDR J. Richard Chema, JAGC, USN, *Arresting "Tailhook": The Prosecution of Sexual Harassment in the Military,* 140 Mil.L.Rev. 1, 2, 21 (Spring 1993).