# United States Navy-Marine Corps Court of Criminal Appeals

————————————

**UNITED STATES**
Appellant

**v.**

**Antonio OLIVARES**
Sonar Technician (Surface) Second Class Petty Officer (E-5),
U.S. Navy
Appellee

**No. 201800125**

Appeal by the United States pursuant to Article 62, UCMJ

Argued 24 January 2019—Decided 7 March 2019

Military Judge*:*
Commander Jason L. Jones, JAGC, USN.

Arraignment: 5 April 2018 by a general court-martial convened at Naval Station Mayport, Florida.

For Appellant:
*Lieutenant Kimberly Rios, JAGC, USN (on brief);*
*Captain Brian L. Farrell, USMC (argued).*

For Appellee:
*Major Maryann N. McGuire, USMC (argued);*
*Lieutenant Jordi I. Torres JAGC, USN (on brief).*

————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

————————————

Before WOODARD, HUTCHISON, FULTON, TANG,
LAWRENCE, CRISFIELD, and HITESMAN,
*Appellate Military Judges*,
Sitting *En Banc*.

PER CURIAM

This is an interlocutory appeal taken by the government under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2016). Following a pretrial hearing, the military judge dismissed the sole specification of Charge I, alleging violation of a lawful general order, specifically U.S. Navy Regulations, Article 1166. The government contends the military judge erred as a matter of law by finding that Article 1166 is not punitive and is void for vagueness as applied to the appellee.

After considering the record of proceedings and the parties' pleadings, we conclude that we have jurisdiction to decide this appeal. We further conclude that Article 1166 may serve as the basis for an alleged violation of Article 92, UCMJ, and that the appellee's alleged conduct is clearly proscribed by the regulation. We therefore set aside the military judge's ruling.

## I. BACKGROUND

The appellee is charged at a general court-martial with one specification of violating a lawful general regulation, three specifications of sexual assault, two specifications of indecent exposure, and one specification of assault consummated by a battery, in violation of Articles 92, 120, 120c, and 128, UCMJ. The sole specification under Charge I alleges that the appellee violated Article 1166, United States Navy Regulations (1990), which prohibits sexual harassment, "by wrongfully saying to [PO2 K.B.] 'let me see that ass,' or words to that effect, and by wrongfully kissing her and touching her buttocks."[1] The acts are alleged to have happened aboard USS ROOSEVELT (DDG 80). Following arraignment and entry of pleas, the appellee moved to dismiss the sole specification of Charge I. The military judge granted the motion and the government timely appealed. Only Charge I and its sole specification are at issue in this appeal.

## II. DISCUSSION

### A. Scope and Standard of Review

In reviewing this government interlocutory appeal, we may act only with respect to matters of law. Art. 62(b), UCMJ; RULE FOR COURTS-MARTIAL (R.C.M.) 908(c)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) (MCM). We are "bound by the military judge's factual determinations unless

---

[1] Charge sheet.

they are unsupported by the record or clearly erroneous." *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004).

## B. Jurisdiction

As a preliminary matter, the appellee argues that we lack jurisdiction to hear this appeal because the record includes no evidence the Director, Appellate Government Division, authorized or directed the trial counsel to file the 9 April 2018 Notice of Appeal with the military judge. The appellee cites no authority, and we have found none, that supports his assertion that the government's failure to include evidence that the Director, Appellate Government Division, authorized or directed the trial counsel to file the Notice of Appeal with the military judge deprives this court of jurisdiction over this appeal under Article 62, UCMJ. We have jurisdiction over appeals by the United States in cases in which a punitive discharge may be adjudged and in which a military judge enters an order terminating the proceedings with respect to a charge or specification. Art. 62 (a)(1)(A), UCMJ. Here, the military judge dismissed Charge I and the sole specification thereunder, terminating the proceedings with respect to that charge and specification. The government then properly provided notice of its intent to appeal, and filed its appeal. Accordingly, we have jurisdiction. *Id.*; R.C.M. 908(a).

## C. The Military Judge's Conclusion That Article 1166 Is Not Punitive

The government alleges that the military judge erred by finding that Article 1166, U.S. Navy Regulations (1990), is not punitive. We agree.

Not all provisions found in regulations can be enforced under UCMJ Article 92(1), which makes punishable the failure to obey a lawful general order or regulation. MCM Part IV, ¶ 16c(1)(e). Regulations that supply only general guidelines or advice for conducting military functions may not be enforceable under Article 92(1). *Id.* The question of whether an order or regulation may serve as the basis for a prosecution under Article 92(1), UCMJ, is a question of law that we review *de novo. United States v. New*, 55 M.J. 95, 106 (C.A.A.F. 2001).

To determine whether a regulation is punitive we examine it in its entirety. No single factor is controlling. *United States v. Nardell*, 45 C.M.R. 101, 103 (C.M.A. 1972). We assess whether the questioned regulation, by its own terms, "regulate[s] conduct of individual members and that its direct application of sanctions for its violation is self-evident." *United States v. Blanchard*, 19 M.J. 196, 197 (C.M.A. 1985) (citations omitted). "If the order requires implementation by subordinate commanders to give it effect as a code of conduct, it will not qualify as a general order for the purpose of an Article 92 prosecution." *Id.* We also consider whether the drafter of a regulation has made clear in the text of the regulation that "individuals would be criminally

liable for conduct . . . inimical to the stated departmental policy." *United States v. Daniel*, 42 M.J. 802, 804 (N-M. Ct. Crim. App. 1995).

By its own terms, the regulation applies directly to the appellee. Article 1166 states that "Sexual harassment is prohibited" and that "No individual in the Department of the Navy shall . . . commit sexual harassment." The appellee, an active-duty Sailor, is an individual in the Department of the Navy. The regulation in question does not simply state general policy regarding sexual harassment and leave to subordinate commanders the task of implementing the policy. Rather, it is on its face applicable to the appellee personally.

We note that the text of Article 1166 does not specifically state that its violation subjects a service member to punishment under Article 92, UCMJ. But none of the U.S. Navy Regulations contain this language. This court has, nevertheless, found that the failure to obey a regulation can be punishable under Article 92, UCMJ, where the applicability of a specific article of the regulation to the individual is apparent. In *United States v. Jackson*, we held that violation of Article 1165 of the Navy Regulations prohibiting fraternization was a punitive order despite the absence of language in that article specifically stating so. 61 M.J. 731, 734 (N-M. Ct. Crim. App. 2005). We examined Article 1165 and noted that it prohibits personal relationships between enlisted members that are unduly familiar when such relationships are prejudicial to good order and discipline or of a nature to bring discredit upon the naval service. *Id.* Because this prohibition applied to that appellant without requiring further implementation, we found that article punitive—even though it contained no language specifically informing the reader that the failure to obey it is punishable under Article 92, UCMJ. *Id.; but see United States v. Scott*, 22 C.M.A. 25, 29 (C.M.A. 1972).

The best argument that Article 1166 requires further implementation and is therefore not punitive holds that sexual harassment is so indefinite a concept that subordinate orders are necessary to give the prohibition meaning. The appellee argues separately that the regulation is void for vagueness. But the purported vagueness of the regulation matters to the question of whether the order is punitive as well. An order or regulation that "requires implementation by subordinate commanders to give it effect as a code of conduct, it will not qualify as a general order for the purpose of an Article 92 prosecution." *Nardell*, at 103. The appellee argues that *sexual harassment* is so indefinite a term that the regulation requires further implementation in order to be comprehensible as a code of conduct. Therefore, according to the appellee, the regulation is not punitive.

*Sexual harassment* is not defined in Article 1166 itself. But this does not mean that the regulation cannot be understood to be punitive in nature. We

find that the term *sexual harassment* is not so indefinite that the regulation cannot serve as a code of conduct without further implementation.

Sexual harassment has been proscribed in the Department of Defense and the Department of the Navy for many years. When the Secretary of the Navy proscribed sexual harassment in Article 1166, he was not writing on a blank slate. In 1988, the Department of Defense had already defined *sexual harassment* as:

> A form of sex discrimination that involves unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:
>
> a. Submission to such conduct is made either explicitly or implicitly a term or condition of a person's job, pay, or career, or
>
> b. Submission to or rejection of such conduct by a person is used as a basis for career or employment decisions affecting that person, or
>
> c. Such conduct has the purpose or effect of unreasonably interfering with an individual's performance or creates an intimidating, hostile, or offensive environment.
>
> Any person in a supervisory or command position who uses or condones any implicit or explicit sexual behavior to control, influence, or affect the career, pay, or job of a military member or civilian employee is engaging in sexual harassment. Similarly, any military member or civilian employee who makes deliberate or repeated unwelcome verbal comments, gestures, or physical contact of a sexual nature is also engaging in sexual harassment.[2]

In 1989, Secretary H. Lawrence Garrett (the Secretary who promulgated Article 1166) defined *sexual harassment* using identical language.[3] The definition of *sexual harassment* has changed little in either the relevant DoD Di-

---

[2] Department of Defense Directive 1350.2 (23 Dec 1988) (canceled by Department of Defense Directive 1350.2 (18 Aug 1995)).

[3] Secretary of the Navy Instruction (SECNAVINST) 5300.26A (2 Aug 1989) (replaced by SECNAVINST 5300.26B (6 Jan 1993).

rectives or Secretary of the Navy Instructions since.[4] The Secretary of the Navy has clarified that *sexual harassment* takes place in the expansively understood workplace,.[5] But this clarification does not dramatically alter how one understands sexual harassment. Both the Department of Defense's and the Department of the Navy's definitions, in turn, are very similar to the definition promulgated in 1980 by the Equal Employment Opportunity Commission when it determined that sexual harassment violated federal laws against sex discrimination:

> A form of sex discrimination that involves unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when:
>
> a. Submission to such conduct is made explicitly or implicitly a term or condition of a person's job, pay, or career, or
>
> b. Submission to or rejection of such conduct by a person is used as a basis for career or employment decisions affecting that person, or
>
> c. Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creates an intimidating, hostile, or offensive working environment.[6]

We find that the term *sexual harassment* is sufficiently precise as to be capable of serving as a code of behavior that service members can be expected to follow. Our consideration of Article 1166 in its entirety, considering all of the relevant factors, leads us to conclude that Article 1166 directly regulates the conduct of members of the Department of the Navy, and that it does not require implementation by subordinate commanders in order to have effect as a code of conduct. We find, therefore, that the military judge erred by determining that Article 1166 is not a punitive general regulation.

## D. Whether Article 1166 is Unconstitutionally Vague

The military judge also found that Article 1166 was unconstitutionally vague. We disagree.

---

[4] *See* Department of Defense Instruction 1020.03 (8 Feb 2018); SECNAVINST 5300.26D (encl. 1) (3 Jan 2006) ("'Workplace' is an expansive term for military members and may include conduct on or off duty, 24 hours a day.").

[5] *See* SECNAVINST 5300.26D (encl. 1) (3 Jan 2006).

[6] *See* 29 C.F.R. § 1604.11 (1980).

A statute or, in this case, a regulation, is unconstitutionally vague if it does not provide a service member of ordinary intelligence fair notice of what is prohibited, or if it is so standardless that it authorizes or encourages discriminatory enforcement. *See United States v. Williams*, 553 U.S. 285, 304 (2008). We review vagueness determinations *de novo. United States v. Solis*, 75 M.J. 759, 763 (N-M. Ct. Crim. App. 2016).

A service member must have standing to challenge a statute or regulation as vague. Even if hypothetical fact patterns might be imagined that present vagueness concerns under a regulation, if the appellee's alleged conduct is clearly proscribed, he has no standing to challenge the regulation. *United States v. McGuiness*, 35 M.J. 149, 152 (C.M.A. 1992). This appellee lacks standing. He is alleged to have told a female shipmate "let me see that ass," and to have kissed her and touched her buttocks without her consent while both were aboard a Navy ship. The appellee has been given fair notice that to the extent this conduct amounted to unwelcome sexual advances or requests for sexual favors, or verbal or physical conduct of a sexual nature that unreasonably interferes with an individual's performance or creates an intimidating, hostile, or offensive work environment, such conduct was proscribed by the regulation.

We leave to the trier of fact the questions of whether the appellee committed the acts alleged, and whether they constitute sexual harassment. But these questions go to whether the appellee did in fact commit sexual harassment in violation of the regulation. They do not cast doubt on whether the regulation prohibits sexual harassment with sufficient clarity that the appellee could have understood that the alleged conduct was proscribed. *See United States v. Williams*, 553 U.S. 285, 307 (2008) ("Close cases can be imagined under virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt.").

We find that the appellee does not have standing to complain that the Article 1166 is vague.

### III. CONCLUSION

The government appeal under Article 62, UCMJ is **GRANTED**. The military judge's ruling granting the motion to dismiss is **SET ASIDE**. The stay of proceedings is lifted. The record will be returned to the military judge for further proceedings consistent with this opinion.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court